J-S15005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE F. SIMS, JR. | |
| Appellant | No. 1366 MDA 2014 |

Appeal from the PCRA Order June 24, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001235-2008

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 13, 2015**

George F. Sims, Jr., appeals from the order entered in the Court of Common Pleas of Luzerne County dismissing his petition filed under the Post Conviction Relief Act (PCRA).[1]  Counsel for Sims has filed with this Court a **Turner/Finley** brief and a petition to withdraw as counsel.[2]  After our review we affirm the PCRA court's order and grant counsel's petition to withdraw.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The proper mechanism for withdrawal on appeal from the denial of a PCRA petition is to file a no-merit letter.  **See Commonwealth v. Turner**, 544 A.2d 917 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  Nevertheless, we will accept the brief in lieu of a letter.  **See Commonwealth v. Widgens**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

On January 12, 2009, Sims pled guilty to two counts of arson. On March 16, 2009, the court sentenced him to 72-240 months' imprisonment on count 1, and to a consecutive sentence of 21-42 month's imprisonment on count 2, followed by 60 months' probation. The sentence fell within the standard range of the sentencing guidelines.

Following reinstatement of his appellate rights, Sims filed a timely notice of appeal on June 24, 2010. This Court affirmed Sims' judgment of sentence on March 11, 2011. **Commonwealth v. Sims**, 26 A.3d 1189 (Pa. Super. 2011 (unpublished memorandum). On March 31, 2011, Sims transmitted to the trial court a *pro se* motion for reconsideration of sentence *nunc pro tunc*, which on April 18, 2011, the court directed be treated as a PCRA petition.

On August 5, 2011, the court appointed counsel, who filed a supplemental PCRA petition. At a hearing on March 29, 2012, the Commonwealth and Sims agreed that Sims had requested his counsel file a timely motion for reconsideration of sentence, which counsel failed to do. The trial court determined that Sims was not prejudiced by counsel's failure to file the motion, and on April 24, 2012, it denied his request for PCRA relief. Sims filed an appeal, and our Court affirmed the trial court on April 5, 2013. **Commonwealth v. Sims**, 75 A.3d 546 (Pa. Super. 2013) (unpublished memorandum). Our Supreme Court denied allowance of appeal on November 13, 2013. **Commonwealth v. Sims**, 80 A.3d 777 (Pa. 2013).

On February 24, 2014, Sims transmitted to the court a *pro se* "motion to consolidate sentencing cases under Rule 701 Pa.R.Crim.P."[3]  In the motion, he seeks the court's "mercy to run his sentences concurrent [sic], modify, and/or to reduce the sentences imposed."  Motion to Consolidate, 2/24/14, at 1.  By order filed March 18, 2014, the court noted that Rule 701 did not apply to this matter, and directed that the motion be filed as a PCRA petition.  In the same order, the court notified Sims of its intent to dismiss the petition without a hearing within 20 days pursuant to Pa.R.Crim.P. 907.  On March 24, 2014, Sims filed a motion for a new trial, which by order dated April 1, 2014, the court directed to be filed as a supplement to his PCRA petition.

On June 13, 2013, court-appointed counsel filed a "Supplement to PCRA Petition" asserting ineffective assistance of trial counsel and asking the court to permit Sims to withdraw his guilty plea.

---

[3] Rule 701, which governs pleas of guilty to multiple offenses, provides:

> (A)  Before the imposition of sentence, the defendant may plead guilty to other offenses that the defendant committed within the jurisdiction of the sentencing court.
>
> (B)  When such pleas are accepted, the court shall sentence the defendant for all the offenses.

Pa.R.Crim.P. 701.

The court dismissed the PCRA petition as untimely on June 24, 2014, and on July 21, 2014, Sims' counsel filed a notice of appeal. The trial court filed its Pa.R.A.P. 1925(a) opinion on September 18, 2014.

The sole issue raised on appeal is whether the trial court erred by dismissing Sims' PCRA petition.

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for those findings in the certified record. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citing *Commonwealth v. Smith*, 995 A.2d 1143, 1149 (Pa. 2010)).

First, we determine whether PCRA counsel has complied with the technical requirements of *Turner*/*Finley*:

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner*/*Finley* and] . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted). If counsel's petition and no-merit letter satisfy *Turner*/*Finley*, we then conduct an independent review of the merits of the case. If this Court agrees with counsel that the claims are meritless, we will permit counsel to withdraw and deny relief. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citing *Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa. Super. 1993)).

Here, Sims' counsel has complied with the technical requirements of *Turner*/*Finley*. He forwarded to Sims a copy of the brief and the petition to withdraw along with a letter informing him of his right to hire private counsel or proceed *pro se*. In his brief, counsel sets forth the claims that Sims sought to raise before this Court. Counsel also sets forth the background of the case, and an explanation as to why the record does not support the claims raised by Sims in his PCRA petition. Specifically, counsel concludes Sims' petition is untimely on its face.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273 (Pa. Super. 2003); *Commonwealth v. Vega*, 754 A.2d 714 (Pa. Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Sims did not file a petition for

allowance of appeal from this Court's order affirming his judgment of sentence. Therefore, his judgment became final 30 days after March 11, 2011, on April 10, 2011. Sims had one year from that date to file his petition. Since the instant petition was filed on February 24, 2014, it is untimely on its face.

Section 9545(b)(1) of the PCRA provides limited exceptions to the timeliness requirements where the petition alleges and the petitioner proves that:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Because Sims did not allege any of these exceptions, counsel concluded that Sims was not eligible for PCRA relief.

We agree with counsel's assessment that Sims' claims are meritless. Furthermore, our independent review of the certified record has uncovered no additional meritorious issues. Thus, we affirm the PCRA court's order and we grant counsel's petition to withdraw.

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/2015