J-S02030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ABDUL MUSSAWIR JAMES | |
| Appellant | No. 231 EDA 2015 |

Appeal from the PCRA Order September 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000995-2008

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 08, 2016**

Abdul Mussawir James appeals, *nunc pro tunc*, from the order of the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  Counsel for James had filed with this Court a **Turner**/**Finley** letter and an application to withdraw as counsel.[2]  After our review, we affirm the PCRA court's order and grant counsel's petition to withdraw.

This Court previously set forth the underlying facts of the case as follows:

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 917 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

James was arrested and charged with [possession of a controlled substance and possession with intent to deliver a controlled substance ("PWID")] based on police observation of a single sale of Oxycodone by James to an unidentified white male. On April 28, 2008, James filed a motion to suppress the physical evidence, arguing that he was stopped without reasonable suspicion that criminal activity was afoot and was arrested without probable cause that a crime was committed. A hearing was held on the motion on August 11, 2008. Agent John Brennan ("Agent Brennan") testified as a narcotics expert regarding his observations of what he believed to be a drug transaction between James and the unidentified white male. He stated that he was conducting surveillance in the 900 block of North 65th Street based on numerous complaints of drug activity in the area. He observed the unidentified white male walk up and down the street "looking around constantly," and then sit down on the steps in front of 925 North 65th Street.

Agent Brennan then saw James leave a conversation with two individuals at the 6400 block of Jefferson Street, walk directly over to the unidentified white male, pull out an amber colored pill bottle, pour some of its contents into the male's hand, and place the pill bottle back in his pocket. The male then gave James something that James also put into his pocket, although Agent Brennan testified he could not see what was given to James. Agent Brennan stated that based on his expertise and experience, he believed a drug transaction had just occurred and radioed backup officers with a description of James. Police stopped James, went into his pant pockets, and removed $16.00 and the amber pill bottle, which was found to contain 13 Oxycodone pills.

The trial court indicated that it found Agent Brennan's testimony to be credible, and based on his testimony, denied the suppression motion. A bench trial immediately followed, wherein Agent Brennan's prior testimony was incorporated into the record. He was briefly recalled to testify, at which time he indicated that the pill bottle bore James' name and indicated that the prescription had been filled on the day of this incident, June 4, 2007.

James testified that he had a prescription for Oxycodone because he had recently been hit by a car and was experiencing back and arm pain. He stated that the unidentified white male was his neighbor, Joey, and that he merely said hello to Joey as James

J-S02030-16

exited the building. He denied selling or providing Joey with any drugs. He testified that he was on the corner talking to friends when a police officer "attacked" him and he was arrested. James alleged that the police officer told him that unless he could provide them with a "big fish," James would be charged with selling drugs.

The trial court indicated that it found James' version of events to be incredible. He was convicted of possession of a controlled substance and PWID.

**Commonwealth v. James**, 46 A.3d 776, 777-78 (Pa. Super. 2012) (citations omitted).

On October 10, 2008, James was sentenced to two concurrent terms of 3 to 6 years' incarceration. Following a timely direct appeal to this Court, the matter was remanded to the trial court, which on November 1, 2010, vacated the sentence imposed for possession because it merged with the 3-6 year sentence for PWID.

On June 5, 2012, this Court, en banc, affirmed James' judgment of sentence.

On August 14, 2012, James filed a *pro se* PCRA petition, and the court appointed Michael Doyle, Esquire to represent him. Attorney Doyle filed a **Turner/Finley** letter, and the court issued an order pursuant to Pa.R.Crim.P. 907, advising James that the court intended to dismiss his petition without a hearing. On September 2, 2014, the court dismissed the PCRA petition and granted counsel's request to withdraw.

James did not file a timely appeal of the court's September 2, 2014 order. However, on December 15, 2014, upon review of *pro se* correspondence from James asserting problems with the service of the Rule

- 3 -

907 notice, the court reinstated his PCRA appellate rights and appointed new counsel, Irina G. Ehrlich, Esquire to represent James. On January 8, 2015, James filed a notice of appeal *nunc pro tunc*.

First, we determine whether PCRA counsel has complied with the technical requirements of ***Turner***/***Finley***:

> Counsel petitioning to withdraw from PCRA representation must proceed under [***Turner***/***Finley*** and] . . . must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner***/***Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted). If counsel's petition and no-merit letter satisfy ***Turner***/***Finley***, we then conduct an independent review of the merits of the case. If this Court agrees with counsel that the claims are meritless, we will permit counsel to withdraw and deny relief. ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citing ***Commonwealth v. Mosteller***, 633 A.2d 615, 617 (Pa. Super. 1993)).

- 4 -

Here, James' counsel has complied with the technical requirements of *Turner*/*Finley*. She forwarded to James a copy of the brief and the petition to withdraw along with a letter informing him of his right to hire private counsel or proceed *pro se*. In the brief, counsel sets forth the claims that James sought to raise before this Court. Counsel presents the background of the case, and an explanation as to why the record does not support the claims raised by James in his PCRA petition. Accordingly, we proceed with the merits of the appeal.

On appeal, James raises three issues for our review:

1. Did the trial court err by holding that James' claim of trial counsel ineffectiveness for failing to properly present evidence of a valid prescription did not entitle him to relief?

2. Did the PCRA court err by holding that James' claim that his trial counsel was ineffective for failing to investigate or call a defense witness named Joey did not entitle him to relief?

3. Did the PCRA court err by not holding an evidentiary hearing?

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by evidence of record and is free from legal error. The PCRA court's findings will not be disturbed unless there is no support for those findings in the certified record. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citing *Commonwealth v. Smith*, 995 A.2d 1143, 1149 (Pa. 2010).

To be eligible for relief under the PCRA, James must prove by a preponderance of the evidence that his conviction resulted from "ineffective assistance of counsel which, in the circumstances of the particular case so

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011). To prevail on an ineffectiveness claim, the defendant must show that the underlying claim had arguable merit, counsel had no reasonable basis for his or her action, and counsel's action resulted in prejudice to the defendant. ***Commonwealth v. Pierce***, 527 A.2d 973, 975-77 (Pa. 1987).

At trial, police officers testified that they found James in possession of an amber pill bottle with a CVS pharmacy label indicating James' name and information about the contents. James asserts that trial counsel was ineffective for failing to present evidence that he had a valid prescription for Oxycodone at the time of his arrest. In James' *pro se* PCRA petition he stated:

> [James] was denied the right to effective assistance of counsel when trial counsel failed to procure evidence of [James'] innocence, namely, that the "PILL-BOTTLE" that [James'] prescription came in was labeled with the prescribing physician's information, and was in police custody under property receipt 2722780. In addition to the prescription information being on the bottle, counsel would have been able to subpoena the physician, [who] would have testified to the lawful[ness] of the prescription.

PCRA Petition, 8/14/12, at 1-2.

Included in the record is the ***Turner/Finely*** letter submitted by the first attorney appointed to represent James on his PCRA petition, Attorney

Doyle.  Attached as an exhibit to the *Turner*/*Finley* letter is a letter to CVS Prescription Records in Woonsocket, Rhode Island seeking records for a prescription for Oxycodone that was filled at a CVS for James.  The request included the following information from the pill bottle label:  (1) James' name; (2) the prescription number; and (3) the name of the prescriber of the medication, Dr. Samuel Peacock.  CVS informed counsel that James' name did not match any of its records.

Attorney Doyle also sent a request to Dr. Peacock, who responded that he did not know James and never knowingly wrote any prescriptions for him.

The diligent efforts of PCRA counsel to procure evidence supporting James' contention that he possessed the Oxycodone pursuant to a valid prescription were fruitless.  Under these circumstances, James has failed to establish that he suffered prejudice from his trial counsel's failure secure evidence of a valid prescription.  Accordingly, he is not entitled to relief on this claim under the PCRA.  *See Pierce*, *supra*.

James next asserts that trial counsel was ineffective for failing to investigate or call as a witness James' neighbor Joey.  At trial, James maintained that Joey was a neighbor he said hello to on the street, and not a person to whom he sold drugs, as Agent Brennan testified.

To prevail on a claim that trial counsel rendered ineffective assistance by failing to call a witness, the defendant must show that:  (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness' existence; (4)

the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) that the absence of the witness' testimony prejudiced the defendant. ***Commonwealth v. Brown***, 767 A.2d 576, 582 (Pa. Super. 2001). James has the burden of showing that trial counsel had no reasonable basis for failing to call a particular witness. ***Commonwealth v. Small***, 980 A.2d 549, 560 (Pa. 2009).

Although James did not raise this issue in his PCRA petition, he informed counsel that Joey would testify that he shook his hand and walked away before the incident. PCRA counsel reviewed trial counsel's file, which included a request dated April 20, 2008 for an investigator to locate Joey at 923 North 65th St. and take a statement. This establishes that trial counsel investigated the issue.

PCRA counsel later tried to obtain the witness's last name from James, but to no avail. Despite several attempts, PCRA counsel was unable to reach James' stepmother, who according to James, lived next door to Joey. Accordingly, James is unable to prove that Joey exists and was willing to cooperate. In light of these circumstances, James cannot establish that trial counsel was ineffective for not calling Joey as a witness. Accordingly, James is not entitled to PCRA relief. ***See Brown***, ***supra***.

James next asserts that the PCRA court erred by dismissing his petition without a hearing.

> The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled

to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (quoting Pa.R.Crim.P. 909(B)(2)). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id.*** (quoting ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004)).

***Commonwealth v. Roney***, 79 A.3d 595, 604-05 (Pa. 2013). In light of the PCRA court's conclusion that James' claims lacked merit, it did not abuse its discretion in denying the petition without a hearing.

Order affirmed.[3]

STABILE, J., Joins the majority.

SHOGAN, J., Concurs in the result.

---

[3] In its brief, the Commonwealth argues that the court's order reinstating James' right to appeal was a legal nullity. The trial court sentenced James to three to six years' incarceration on October 10, 2008. However, it reinstated James' appellate rights on December 15, 2014. The Commonwealth notes, "it cannot be inferred from the docket that he was currently serving a sentence, since the maximum term of his sentence was six years and the order reinstating his appeal rights was entered six years and two months after sentencing date." Appellee's Brief, at 9.

Our review of the sentencing hearing transcript indicates that at the time James committed the offenses, he was on probation. N.T. Sentencing Hearing, 10/10/08, at 10-12. In light of his conviction in this case, it is reasonable to assume that his probation was revoked, thus delaying the commencement of his three to six year sentence. We also note that on July 20, 2015, counsel sent her ***Turner***/***Finley*** letter to James at SCI Forrest. Under these circumstances, we decline the Commonwealth's request that we quash the appeal, and instead render this decision on the merits.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016