J-S87043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILSON HERNANDEZ | |
| Appellant | No. 368 MDA 2016 |

Appeal from the PCRA Order February 22, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002927-1994

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 10, 2017**

Wilson Hernandez appeals from the order entered in the Court of Common Pleas of Luzerne County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Hernandez's counsel has filed a petition to withdraw and a no-merit brief. After careful review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

On June 28, 2001, Hernandez was convicted of second-degree murder, robbery and criminal conspiracy[1] stemming from an incident in which he and

---

[*] Retired Senior Judge assigned to the Superior Court.

a co-defendant beat another man to death in the victim's own basement. Hernandez filed this, his second[2] PCRA petition, on September 5, 2012. Counsel was appointed and filed a "Motion to Appoint Expert" asserting that, although Hernandez was not a juvenile at the time of the offense, the reasoning of the Supreme Court's decision in **Miller v. Alabama**, 312 S.Ct. 2455 (2012), should be applied to his case and his sentence should be vacated. The court scheduled a hearing on Hernandez's PCRA petition. However, on April 22, 2013, the court issued an order generally continuing the hearing due to the pendency of cases before the Pennsylvania appellate courts addressing the retroactive application of **Miller** to cases filed under the PCRA, because the outcome of the cases could potentially impact the disposition of Hernandez's claims.

Hernandez's case was subsequently reassigned to the Honorable Fred A. Pierantoni, Jr., who scheduled a status conference for December 2, 2015. Following the conference, the parties agreed to stipulate that Hernandez was 18 years old at the time he committed his crime. Thereafter, by opinion and

*(Footnote Continued)* —————————

[1] Hernandez had previously been tried and convicted of the same charges in 1995, but his conviction was overturned on appeal and he was granted a new trial.

[2] In his response to counsel's **Turner**/**Finley** brief, Hernandez asserts that he filed a second PCRA petition on October 7, 2011. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). However, that petition is not contained in the certified record.

order dated January 22, 2016, the court dismissed Hernandez's PCRA petition, citing, *inter alia*, the fact that Hernandez was 18 at the time he committed his crime.[3] This timely appeal follows, in which counsel has filed a petition to withdraw.

When counsel seeks to withdraw, we first review counsel's submissions, as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). . . . **Turner**/**Finley** counsel must review the case zealously. **See Commonwealth v. Mosteller**, 633 A.2d 615, 617 (Pa. Super. 1993). **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).
>
> Counsel must also send to the petitioner:  (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

---

[3] In denying Hernandez relief, the PCRA court also noted that **Miller** was not retroactively applicable to cases on collateral review.  At the time the PCRA court issued its decision in this matter, that was an accurate statement of the law, pursuant to our Supreme Court's holding in **Commonwealth v. Cunningham,** 81 A.3d 1 (Pa. 2013).  Subsequently, however, the U.S. Supreme Court decided **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), in which it held that **Miller** announced a new substantive constitutional rule that was, in fact, retroactive on state collateral review.  Accordingly, **Cunningham** was effectively overruled.

> ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006).

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Here, counsel has complied with the ***Turner***/***Finley*** requirements. Hernandez filed a response to counsel's motion to withdraw, in which he claims that counsel's submissions pursuant to ***Turner*** and ***Finley*** are deficient. This claim is meritless.[4] Hernandez also raises certain claims based on a prior PCRA petition he claims was filed on October 7, 2011. However, such a petition does not appear in the certified record, and Hernandez did not raise those claims in the PCRA petition currently before us. Accordingly, the claims are not properly before us. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Counsel having complied with the requirements of ***Turner***/***Finley***, we proceed to our own independent review of Hernandez's issues to determine whether they are truly meritless.

---

[4] Hernandez asserts that counsel's submissions "do not detail the nature of review counsel conducted, list each of the issues [Hernandez] wishes to have reviewed by the Court and explain the reasons the issues are without merit." Objection to ***Turner***/***Finley*** Brief, October 11, 2016, at ¶ 2. These assertions are without merit. In his petition to withdraw, counsel avers that he reviewed the record in this matter. The ***Turner***/***Finley*** brief lists the two issues Hernandez sought review of, both of which invoke the U.S. Supreme Court's ruling in ***Miller***. Finally, in the argument section of the brief, counsel explains his conclusion that Hernandez's issues are frivolous because ***Miller*** applies only to defendants who were under the age of 18 at the time they committed their offense.

The PCRA court dismissed Hernandez's petition as untimely filed. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Hernandez's judgment of sentence became final on June 29, 2002, upon the expiration of time for seeking allowance of appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Hernandez had one year from that date, or until June 29, 2003, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Hernandez did not file the instant petition until September 5, 2012, more than ten years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Hernandez's petition unless he pleaded and proved one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1). A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Hernandez attempts to circumvent the time bar by asserting the "new constitutional right" exception under subsection 9545(b)(1)(iii). Specifically, Hernandez claims that the Supreme Court's holding in **Miller** prohibits the imposition of a mandatory life sentence in his case because "[a]ll of the characteristics and circumstances attendant to his youth did not disappear when [he] turned 18." PCRA Petition, 9/5/12, at 8a. However, as both the PCRA court and counsel properly conclude, the high court's ruling in **Miller** applies solely to defendants who had not reached the age of majority, or 18 years of age, at the time they committed their crime, and this Court has previously declined to extent PCRA relief under **Miller** to defendants 18 years of age and older. **See Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013) (contention that a newly-recognized constitutional right should be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)). Accordingly, **Miller** is inapplicable to Hernandez's case and the PCRA court properly dismissed his petition as untimely.

Order affirmed. The Petition to Withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017

- 6 -