J. S70014/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　v.　　　　　　　:
　　　　　　　　　　　　　　　　　　:
ISAIAH RANSOME,　　　　　　　　　:　　　　No. 3292 EDA 2017
　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　:

Appeal from the PCRA Order, September 6, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005859-2007

BEFORE:　GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED NOVEMBER 20, 2018**

Isaiah Ransome appeals from the September 6, 2017 order entered by
the Court of Common Pleas of Philadelphia County denying his petition for
relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-
9546.  After careful review, we remand with instructions.

The PCRA court provided the following synopsis of the procedural
history of this case:

> On February 7, 2007, police arrested and charged
> [a]ppellant [] with numerous offenses stemming
> from a shooting and robbery.  On December 14,
> 2012, a jury convicted [a]ppellant of second-degree
> murder and related offenses.  On June 21, 2013, the
> Honorable Benjamin Lerner sentenced [a]ppellant to
> life imprisonment without the possibility of parole.
> . . .  On December 18, 2014, the Superior Court

> affirmed the judgment of sentence.[1]  On June 29, 2015, the [Pennsylvania] Supreme Court denied [a]ppellant's Petition for Allowance of Appeal.[2]
>
> On March 22, 2016, [a]ppellant filed [a] PCRA petition.  On April 28, 2016, [a]ppellant filed [] another PCRA petition.  After appointment of counsel [David Rudenstein, Esq.], on June 5, 2017, counsel filed a **Finley**[3] letter [and petition to withdraw].  On June 6, 2017, [the PCRA court] submitted an intent to dismiss notice under [Pa.R.Crim.P.] 907.  On September 6, 2017, [the PCRA court] formally dismissed [a]ppellant's PCRA petition for lack of merit.  On September 26, 2017, [a]ppellant filed a timely notice of appeal.  On October 6, 2017, [the PCRA court] ordered [a]ppellant pursuant to Pa.R.A.P. 1925(b) to file with the [c]ourt a Concise Statement of Matters Complained of on Appeal.  On November 9, 2017, [a]ppellant filed a Statement of Errors Complained of on Appeal.

PCRA court opinion, 1/16/18 at 1-2.  The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 16, 2018.  On January 22, 2018, the PCRA court granted Attorney Rudenstein's petition to withdraw.

Appellant raises the following issues for our review:

> I.  Whether the PCRA Court erred by failing to provide [a]ppellant additional time to respond to PCRA Counsel's **Finley** letter and 907 Notice prior to the dismissal the PCRA in violation of the Due Process Clause?

---

[1] **Commonwealth v. Ransome**, 116 A.3d 693 (Pa.Super. 2014) (unpublished memorandum).

[2] **Commonwealth v. Ransome**, 117 A.3d 1281 (Pa. 2015).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

> II. Whether PCRA Counsel rendered ineffective assistance of counsel?

Appellant's brief at iii.

When reviewing a denial of relief pursuant to the PCRA, our standard of review is as follows:

> whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa.Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa.Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.*** (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super. 2001)).

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014).

As part of his first issue raised on appeal, appellant contends that he never received a copy of Attorney Rudenstein's ***Turner***/***Finley*** no-merit letter. (Appellant's brief at 3.) Indeed, the certificate of service attached to Attorney Rudenstein's no-merit letter and petition to withdraw indicates that Attorney Rudenstein only served the Commonwealth. In its Rule 1925 opinion, the PCRA court notes that after receiving a letter from appellant in which appellant indicated that he did not receive a ***Turner***/***Finley*** no-merit letter, the PCRA court continued its dismissal of appellant's appeal until July 17, 2017. (PCRA court opinion, 1/16/18 at 5.) The PCRA court further notes that on July 17, 2017, it required Attorney Rudenstein to re-send his ***Turner***/***Finley*** no-merit letter to appellant, and that on September 4, 2017,

Attorney Rudenstein informed the PCRA court that "he sent a *Finley* letter back in July and just to be sure, he 'recently sent another copy' to [a]ppellant." (*Id.*)

An attorney seeking to withdraw after filing a *Turner*/*Finley* no-merit letter is required to provide the PCRA petitioner with a copy of the no-merit letter, a copy of the attorney's petition to withdraw, and a statement advising the petitioner of his rights and options following the filing of the no-merit letter. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007), citing *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa.Super. 2006). "If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw." *Wrecks*, 931 A.2d at 721, citing *Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa.Super. 1993). After denying counsel's petition to withdraw, the court must then "take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief." *Wrecks*, 931 A.2d at 721, citing *Commonwealth v. Karanicolas*, 836 A.2d 940, 948 (Pa.Super. 2003).

Here, there is no evidence of record that Attorney Rudenstein sent appellant a copy of his *Turner*/*Finley* no-merit letter and his petition to withdraw. We agree with the Commonwealth that this case should be remanded so that the PCRA court may determine if appellant received a

copy of Attorney Rudenstein's **Turner**/**Finley** no-merit letter and petition to withdraw. (**See** Commonwealth's brief at 7-8.) The PCRA court shall make a determination of record within 60 days of the filing of this memorandum. Should the PCRA court determine that appellant did not receive a copy of the no-merit letter and petition to withdraw, appellant shall have 30 days from receipt of the petition to file a **pro se** brief or a brief by newly retained private counsel if he chooses to do so. The Commonwealth shall then have 30 days to file a responsive brief. **See Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa.Super. 2016).

Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/18