633 A.2d 615

**COMMONWEALTH of Pennsylvania**

**v.**

**Alonzo MOSTELLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1993.

Filed Nov. 4, 1993.

58

Alonzo Mosteller, appellant, pro se.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, JOHNSON and CERCONE, JJ.

JOHNSON, Judge.

Alonzo Mosteller appeals from the trial court order denying his Post–Conviction Relief Act (PCRA) Petition pursuant to 42 Pa.C.S. § 9541 *et seq.* We reverse.

On November 5, 1986, Mosteller entered an open guilty plea to murder and possessing instruments of crime. This guilty plea arose from an August 4, 1985, incident in which Mosteller shot his former paramour, while she was seated in an automobile with her mother, and then fled the scene. On October 11, 1985, the victim died, having developed bronchial pneumonia as a result of the gunshot wounds to her arm, hand, torso and thigh. Prior to sentencing, Mosteller's motion to withdraw his guilty plea was heard and denied. A sentence of life imprisonment for first degree murder was imposed on Mosteller along with a concurrent sentence of two and one-half to five years of incarceration for possession of an instrument of crime. An appeal to this Court was filed but subsequently dismissed due to the failure of Mosteller's counsel to file a brief. On January 19, 1989, after Mosteller filed a *pro se* PCRA petition, PCRA counsel was appointed, and on July 16, 1990, PCRA counsel filed a no-merit letter stating that the issues raised in Mosteller's PCRA petition were "wholly frivolous" and "without merit." In the no-merit letter, PCRA counsel maintained that there were no additional issues which could be raised in an amended petition. In an amended *Finley* letter, *Common-*

*wealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988), filed on July 1, 1992, PCRA counsel asserts that the record supported the propriety of the trial court's April 13, 1987, denial of Mosteller's motion to withdraw his guilty plea. This amended letter also contends that any further appeal of Mosteller's ineffectiveness claim would be frivolous. On July 30, 1992, at a hearing on the *Finley* "no-merit" letter, with neither PCRA counsel nor Mosteller present, the Commonwealth informed the trial court that the *Finley* "no-merit" letter was defective in that it failed to list the claims that were raised in the *pro se* PCRA petition. On November 20, 1992, the court dismissed the PCRA petition, permitting PCRA counsel to withdraw on the basis of the July 16, 1990, "no-merit" letter attached to the trial court opinion. This appeal followed.

Mosteller raises two questions for our consideration:

1. Did the trial court err by dismissing the Post–Conviction Relief Act Petition pursuant to counsel's "no-merit" letter that failed to comport with appellate standards governing withdrawal of counsel's representation in post-direct appeal proceedings?

2. Should appointed counsel have filed a "no-merit" letter without ever communicating with Appellant since counsel's appointment, and especially where a meritorious issue was clearly present after direct appeal to Superior Court was dismissed due to direct appeal counsel's failure to file a timely brief?

■ In *Commonwealth v. Finley, supra,* this Court restated the procedures to be followed when counsel seeks to withdraw in post-conviction proceedings. *See Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988). In *Turner,* our supreme court endorsed an independent review by the court of the record as a follow-up to counsel's "no-merit" letter. The independent review necessary to secure a withdrawal request by counsel requires proof that:

1. PCRA counsel, in a "no-merit" letter, has detailed the nature and the extent of his review;

2. PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;

3. PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;

4. The PCRA court must conduct its own independent review of the record; and

5. The PCRA court must agree with counsel that the petition is meritless.

*See, Finley*, 379 Pa.Super. at 393, 550 A.2d at 215.

In addition, this assessment by the PCRA court is, of course, subject to appellate scrutiny to assure that these constraints are followed. *See, Turner, supra.*

■ Our review of this record reveals that counsel's no-merit letter failed to substantially comply with the first three requirements above, and, as a consequence, the PCRA court erred in dismissing this matter on the basis of the no-merit letter. The nature and extent of PCRA counsel's review can only be described as cryptic. In the July 16, 1990, letter relied upon by the PCRA court, trial counsel states: "[t]hat after a review of the entire record and upon completion of my investigation ..." but fails to explain what it was that he reviewed or investigated. The final page of the "no-merit" letter indicates that counsel reviewed specific notes of testimony, however, this review was irrelevant to several of the issues raised in the PCRA petition. Mosteller complained in his PCRA petition that trial counsel had failed to investigate the case; failed to call available witnesses to support the defense; and had failed to spend any appreciable time with him prior to the proceedings. Further, Mosteller, in his PCRA petition contends, among other things, that he was denied his right to appeal and that exculpatory evidence had become available since the time of trial. These matters were not mentioned in the "no-merit" letter. Mosteller also asserts that it was not until he received the PCRA order dismissing his petition that he was aware of the identity of his counsel.

Moreover, the letter of PCRA counsel also lacked a listing of the issues Mosteller wished to have reviewed. Even the

Commonwealth pointed out to the court that the "no-merit" letter was deficient in this regard. N.T. 7/30/92, at 3. Lastly, the"no-merit" letter did not explain why the issues raised were meritless. Here, PCRA counsel presumed that the sole issue raised was the constitutional soundness of the guilty plea colloquy. This presumption by PCRA counsel resulted in the failure to provide an issue-by-issue explanation detailing why each issue itself was meritless. Having failed to list all the issues raised by Mosteller in his PCRA petition, or to discuss these issues, PCRA counsel could not have provided the PCRA court with a full explanation of why each issue was deemed meritless. Hence, we conclude that the trial court erred in failing to reject PCRA counsel's "no-merit" letter because it neglected to satisfy the *Finley* requirements.

■ Next, Mosteller maintains that PCRA counsel should not have filed a "no-merit" letter because an arguably meritorious issue was present on the face of the record. We agree.

In this case, after conviction, a timely notice of appeal was filed with our Court. However, when counsel on the direct appeal failed to file a timely appellate brief, we dismissed the appeal, and, on December 4, 1987, ordered fees, if any, for court-appointed counsel, to be withheld, "without prejudice to Appellant's rights under the Post Conviction Hearing Act."

■ We have noted, in the past, that the dismissal of post-verdict motions or a criminal appeal on the basis of procedural default "improperly places the entire burden of counsel's errors on the *powerless* client, rather than the *offending* counsel." *Commonwealth v. Ciotto*, 382 Pa.Super. 458, 461 n. 1, 555 A.2d 930, 931 n. 1 (1989) (emphasis in original). Thus, "[w]hen a defendant establishes that counsel's ineffective assistance denied him *entirely* his right to a direct appeal, he is entitled to a direct appeal *nunc pro tunc* without regard to his ability to establish the merit of the issues which he seeks to raise on direct appeal." *Id.* at 461, 555 A.2d at 931 (emphasis in original).

In *Commonwealth v. Hoyman*, 385 Pa.Super. 439, 444, 561 A.2d 756, 759 (1989), *quoting Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), we stated:

[A]n accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived unless the accused himself effectively waives the right, i.e. for not protecting the accused's right in the absence of an effective waiver.

■ Where counsel fails to file a timely appellate brief, resulting in the dismissal of an appeal, counsel has waived the right of the accused in the absence of an effective waiver by the accused; counsel cannot be said to have been effective.

Accordingly, based on the foregoing reasons, we reverse the order of the PCRA court dated November 20, 1992. We remand for the appointment of new counsel and proceedings not inconsistent with this Opinion.

Order reversed. Case remanded. Jurisdiction relinquished.