J. S50001/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                    v.                   :
                                              :
CHRISTOPHER SYMMS,             :        No. 230 WDA 2013
                                              :
                  Appellant       :


Appeal from the PCRA Order, December 20, 2012,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0003182-2005,
CP-02-CR-0005435-2005


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 29, 2015**

Appellant appeals the order dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding no error, we affirm.

On June 13, 2006, appellant was found guilty following bench trial of third degree murder, aggravated assault, recklessly endangering another person, carrying a firearm without a license, possession of a controlled substance with intent to deliver, and possession of marijuana.  Appellant's convictions arose from an incident in Wilkinsburg on February 13, 2005, during which appellant shot and killed a man with whom he had been arguing.  A friend of appellant was accidently wounded during the crime.  A gun and a jacket containing drugs were left behind at the crime scene.

Fingerprint evidence connected appellant to the gun while DNA matched him to the jacket.

On December 13, 2006, appellant was sentenced to an aggregate term of 15 to 30 years' imprisonment. On July 10, 2008, this court affirmed the judgment of sentence; and on December 23, 2008, our supreme court denied appeal. **Commonwealth v. Symms**, 959 A.2d 974 (Pa.Super. 2008) (unpublished memorandum), **appeal denied**, 963 A.2d 470 (Pa. 2008). On March 3, 2009, appellant filed his first PCRA petition **pro se**. On December 4, 2009, appellant filed an amended PCRA petition **pro se**. Ultimately, David Hoffman, Esq., was appointed to represent appellant on May 15, 2012.

On June 15, 2012, counsel filed a motion for leave to withdraw and a "no-merit" brief pursuant to **Turner-Finley** practice. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**). On September 19, 2012, the court entered an order permitting counsel to withdraw. On October 25, 2012, appellant filed a response to the order permitting counsel to withdraw which challenged PCRA counsel's effectiveness. On December 20, 2012, the PCRA court entered its order dismissing appellant's PCRA petition without hearing.[1]

---

[1] We previously remanded this case for a factual finding as to whether appellant was properly notified as to the PCRA court's intention to dismiss his petition without hearing pursuant to Pa.R.Crim.P. 907, 42 Pa.C.S.A. In response, the PCRA court made a finding that it did comply with Rule 907.

On appeal, appellant raises three issues:

1. DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA PETITION, SPECIFICALLY IN FAILING TO ORDER AMENDMENT OF APPELLANT'S DEFECTIVE PRO SE PETITION, WITH ASSISTANCE OF COUNSEL, IN LIEU OF ADOPTING PCRA COUNSEL'S "NO MERIT" LETTER, AND DISMISSING APPELLANT'S PETITION WITHOUT A HEARING?

2. DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PRO SE PCRA PETITION, PURSUANT TO COUNSEL'S "NO MERIT" LETTER, WHICH FAILED TO COMPORT WITH THE STANDARDS GOVERNING WITHDRAWAL UNDER THE PCRA?

3. WAS THE ASSISTANCE OF COUNSEL RENDERED BY THE PCRA COURT SUFFICIENT TO DISCHARGE APPELLANT'S RIGHT TO COUNSEL UNDER THE POST-CONVICTION COLLATERAL RELIEF PROCEDURAL RULES?

Appellant's brief at 3.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

In his first issue, appellant contends that the PCRA court erred in failing to order the amendment of appellant's defective *pro se* PCRA petitions pursuant to Pa.R.Crim.P., Rule 905, 42 Pa.C.S.A. Such amendment

was not required because the court appointed counsel who reviewed appellant's case, determined that there were no meritorious issues, and filed a proper motion for leave to withdraw and no-merit brief. Moreover, as the PCRA court notes, appellant's petition was not denied because it was defective, but because there were no issues of merit. (Trial court opinion, 12/16/13 at 4.) We agree.

In his second issue, appellant complains that the no-merit brief filed by PCRA counsel did not comport with **Turner-Finley** standards. Appellant notes that counsel must detail the nature and extent of his review and contends that PCRA counsel failed to do so, citing **Commonwealth v. Mosteller**, 633 A.2d 615 (Pa.Super. 1993). In **Mosteller**, counsel's statement of his review was merely "[t]hat after a review of the entire record and upon completion of my investigation . . . ." **Id.** at 617. The **Mosteller** court found said review to be both cryptic and inadequate.

At page 9 of the no-merit brief, present PCRA counsel stated the nature of his review:

> The undersigned reviewed the file maintained by the Department of Court Records, the dockets and the transcripts of the September 13, 14 and 18 Nonjury Trial and December 19, 2006 Sentencing.

No-merit brief, 6/15/12 at 9. Unlike the statement in **Mosteller**, this statement identifies the file maintained by the Department of Court Records, the docket, and the precise transcripts in appellant's case. Our review reveals that counsel correctly identified the transcripts that are present in

- 4 -

this case. PCRA counsel clearly reviewed the instant record and properly described the nature of his review in the no-merit letter. There is no merit in appellant's contention.

Appellant also argues that counsel failed to raise the claims that appellant wished to be raised as counsel is required to do under **Turner-Finley** practice. In appellant's first **pro se** PCRA petition, no issues were raised. In his second PCRA petition, appellant raised the following three issues:

> Issue #1: The trial court erred in substituting evidentiary tools for facts and/or evidence resulting in a verdict based on conjecture.
>
> Issue #2: The Trial Court's faulty opinion thwarted the petitioners [sic] right to an appeal when it restated facts and/or evidence and mischaracterized the petitioner's arguments.
>
> Issue #3: Trial and appellate counsels' failures to practice competent skill and knowledge within prevailing professional norms procedurally denied the petitioner counsel.

PCRA petition, 12/4/09.[2]

---

[2] Appellant suggested a possible fourth issue to counsel in a letter dated June 8, 2012. (**See** Record Document No. 54, Exhibit D.) Therein, appellant suggested a possible Confrontation Clause violation because the forensic pathologist that testified at trial, Dr. Shakir, was not the pathologist who conducted the autopsy and prepared the autopsy report, which was a Dr. Ladham. We see no error or issue here. Dr. Ladham's report was not entered into evidence and although Dr. Shakir testified that he had reviewed that report, Dr. Shakir largely testified as to his own evaluations and conclusions, rather than those of Dr. Ladham. Furthermore, there was no issue at trial questioning either the injuries to the victim or the manner of the victim's death. Finally, appellant's counsel actually relied upon Dr. Shakir's testimony to support a defense theory that the victim was killed during a struggle over the gun. (Notes of testimony, 9/18/06 at 308.)

Appellant's first two issues effectively raise a weight of the evidence challenge. Appellant raised the weight of the evidence on direct appeal. ***Commonwealth v. Symms***, unpublished memorandum filed July 10, 2008 at 10-11. Consequently, counsel was prohibited from raising this issue since it was previously litigated. ***See*** 42 Pa.C.S.A. §§ 9543(a)(3); 9544(a)(2). Furthermore, as to the second issue, the trial court's opinion in no way "thwarted" appellant's direct appeal as that appeal continued through to resolution by this court. As for appellant's third issue, the no-merit brief thoroughly raised and explored possibilities of ineffective assistance on the part of prior counsel. There is no merit to this contention by appellant.

Appellant's final issue presents a bald claim that PCRA counsel was ineffective for failing to amend his defective ***pro se*** PCRA petition and for failing to file a legitimate no-merit brief.[3] Clearly, for the reasons discussed as to appellant's prior issues, we find no merit in the suggestion that PCRA counsel was ineffective. Accordingly, we will affirm the order below.

Order affirmed.

---

[3] Appellant preserved this issue by raising it in a response to the PCRA court's order permitting counsel to withdraw. ***See Commonwealth v. Pitts***, 981 A.2d 875, 879 n.3 (Pa. 2009).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/29/2015