J-S08002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL DIXON | |
| Appellant | No. 148 WDA 2016 |

Appeal from the PCRA Order dated December 25, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017215-2008

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 25, 2017**

Appellant, Darnell Dixon, appeals *pro se* from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts of this case have been fully and correctly set forth in the trial court's opinion dated May 8, 2012, and the PCRA court's opinion dated August 8, 2016.  **See** Trial Ct. Op., 5/8/12, at 4-11, 14-15, 24; PCRA Ct. Op., 8/8/16, at 12, 18, 23.  On October 25, 2010, Appellant was convicted by a jury of murder of the second degree, robbery, carrying firearms without a license, and criminal conspiracy to commit robbery.[1]  A separate firearms

---

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), 6106(a)(1), and 903, respectively.

charge had been severed from the other four counts prior to the jury trial, and, following a bench trial, Appellant was also convicted of that crime.[2]

The court ordered a pre-sentence investigation report, and, on February 15, 2011, Appellant was sentenced to life imprisonment for second-degree murder, to 10-20 years' imprisonment for robbery, and to 10-20 years' imprisonment for criminal conspiracy, with the latter sentences to be served consecutively to each other and to the life imprisonment. He received no further penalty on the remaining counts.

On February 22, 2011, Appellant filed a timely post-sentence motion, and a hearing was held on June 20, 2011. At the conclusion of the hearing, the motion was denied.

On July 8, 2011, Appellant filed a timely notice of appeal to this Court. On December 28, 2012, we "affirm[ed] the convictions, vacate[d] the judgment of sentence for robbery, and affirm[ed] the judgment of sentence for the remaining convictions." *Commonwealth v. Dixon*, 1133 WDA 2011, at 1-2 (Pa. Super., Dec. 28, 2012) (unpublished memorandum), *appeal denied*, 32 WAL 2013 (Pa. Oct. 9, 2013). Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on October 9, 2013.

Appellant filed this timely *pro se* PCRA petition on March 3, 2014. On May 12, 2014, the PCRA court appointed Charles Pass III, Esquire, to

---

[2] 18 Pa.C.S. § 6105(a)(2)(i).

represent Appellant. On June 2, 2014, Attorney Pass filed a **Turner/Finley**[3] letter with a memorandum and a request to withdraw as PCRA counsel. On July 7, 2014, the PCRA court granted Attorney Pass' request to withdraw and sent a notice to Appellant of its intention to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907(1). The PCRA court gave Appellant 30 days to file a response to this Rule 907 Notice.

On July 22, 2014, the court docketed Appellant's "Notice with Court Explaining How Defendant Wishes to Proceed," in which he stated that "he is notifying this Honorable Court that he is proceeding Pr[o]-Se" (emphasis removed) and that "he will be notifying this Honorable Court why court-appointed counsel, Charles R. Pass, III should not be permitted to withdraw as counsel in regards to the above-entitled matter," even though Attorney Pass had already been allowed to withdraw by the PCRA court.

On September 21, 2014,[4] Appellant filed a *pro se* motion for leave to amend his PCRA petition, in which he stated that he wished to amend so he could add a claim that Attorney Pass "rendered ineffective assistance of counsel." On March 16, 2015, the PCRA court entered an order that

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The certificate of service was dated September 21, 2014, and the court docketed the filing on September 30, 2014. **See Commonwealth v. Whitehawk**, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) (under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

appointed Alan R. Patterson III, Esquire, as Appellant's new PCRA counsel. In that same order, the PCRA court stated the following regarding Appellant's motion for leave to amend his PCRA petition: "[t]he motion is returned to defendant for amendment as follows, such amendment to be made on or before, May 4, 2015, or counsel to advise that no amendment is necessary." The order thus directed Appellant's new counsel, Attorney Patterson, to review Appellant's proposed amendment and to decide whether it should be filed. Mr. Patterson never filed Appellant's proposed amended PCRA petition or any amended PCRA petition.

On September 16, 2015, Attorney Patterson filed a **Turner/Finley** petition to withdraw as counsel, averring that he analyzed Appellant's September 21, 2014, *pro se* petition to amend his PCRA petition and concluded there were no meritorious issues. Pet. to Withdraw as Counsel under **Turner** & **Finley**, 9/16/15, at 1-2 (unpaginated). The PCRA court, "after reviewing that letter and the memorandum accompanying that letter," granted the petition to withdraw on October 26, 2015, and sent Appellant a notice of its intention to dismiss on October 26, 2015." **See** PCRA Ct. Op., 8/8/16, at 3. The court's order and notice stated:

> It is further ORDERED, ADJUDGED and DECREED that the Defendant must file a notice with this Court within thirty (30) days of this Order, which will explain how he wishes to proceed. If no such notification is filed within thirty (30) days, the Court will enter a final Order dismissing the post-conviction petition.

Appellant never filed a response to this second Rule 907 Notice, and, on December 1, 2015, the PCRA court dismissed Appellant's PCRA petition. On December 25, 2015, Appellant filed a timely notice of appeal to this Court.

In his *pro se* appeal, Appellant raises the following issues, as stated in his brief:

> I. Whether in reviewing the [propriety] of the PCRA court's dismissal of Appellant's PCRA filing, it was an abuse of discretion for the PCRA court to accept the **Turner/Finley "no-merit" letters** filed by Appellant's PCRA counsels when those letters did not meet the standards set forth in **Commonwealth v. Mosteller**, 633 A.2d 615 (Pa.Super. 1993) in reference to the following sub-claims:
>
>> 1. Trial-Counsel was ineffective for failing to object to the addition of a firearms charge after the Preliminary Hearing;
>>
>> 2. Trial Counsel was ineffective for faili[n]g to object to the DNA identification discovered on the firearm;
>>
>> 3. Counsel was ineffective for failing to [undertake] a pre-Trial investigation as to whether or not the T-shirt produced at the time of Trial actually came from Ross-Store or was part of his inventory at the time of the crime;
>>
>> 4. Trial Counsel was ineffective for failing []to object to the absence of the signature of the District Attorney on the Police Criminal Complaint filed in this matter - Pa.R.Crim.P. 504;
>>
>> 5. Trial Counsel was ineffective for not seeking to wit[h]draw as Counsel once he found out that the Defendant had filed a civil suit against him;
>>
>> 6. Trial Counsel was ineffective for failing to preserve the issue that a thorough inventory of the truck was not conducted;

7. Trial Counsel was ineffective for failing to challenge the introduction of the twenty-two (22) caliber handgun which he maintains was seen in the hands of his co-defendant;

8. Trial Counsel was ineffective for failing to object to the prosecutor's argument that [Appellant] put the gun in the back of the co-defendant's truck as a stash spot;

9. Trial Counsel was in[e]ffective for failing to conduct a pre-Trial investigation of the truck, fingerprints and back of the truck where the gun was placed since he believed that this investigation would have exonerated him;

10. Appella[te] Counsel was [i]neffective for failing to raise the claims of the ineffectiveness of Trial Counsel on Direct-Appeal where the record was preserved;

11. Trial Counsel was ineffective for failing to object to the Commonwealth's pre[e]mptory strike [challenges];

12. Trial Counsel was ineffective for failing to file a motion to Dismiss charge against him on a violation of his Rule 600 rights;

13. Trial Counsel was ineffective in failing to object to the language employed by the Trial Court in defining reasonable doubt to the jury;

14. Trial Counsel was ineffective in failing to object to the charge given to the jury on Second-degree Murder;

15. Trial Counsel was ineffective in failing to investigate and to develop an [adequate] Trial strategy;

16. All Counsels from Trial Counsel through Appellate Counsel were ineffective for failing to raise

the claims of ineffectiveness of Appellant's trial Counsel;

17. Trial Counsel was ineffective in failing to obtain his own DNA expert.

18. Trial Counsel was ineffective for not withdrawing from the case once he determined there was a conflict of interest since [Appellant] had filed a Civil suit against him;

19. The Trial Court erred when it did not include [Appellant]'s first sentencing hearing where Trial Counsel was forced to withdraw from the case;

20. Trial Counsel was ineffective in failing to object to the Trial Court's vouching to the expertise of a witness on behalf of the Commonwealth;

21. There was a violation of the **Brady** Rule in that while Appellant was in the jail he had surgery to remove the bullet lodged in his back and he wanted the bullet to be presented into evidence maintaining that this bullet would demonstrate that he did not shoot the decease[d] Mr. Ross, b[e]cause it was the same caliber-bullet that inflicted the fatal wound to Mr. Ross.

22. Violation of due process rights of Appellant in that he did not have transcripts of the proceedings at the time of the hearing on his petition for Post-Conviction Relief;

23. The verdicts [a]gainst Appellant were a result of the cumulative errors previously presented.

II. Whether the PCRA court erred and denied Appellant his federal and state constitutional rights to due process of law by dismissing Appellant's initial PCRA petition without an evidentiary hearing. . . where Appellant raised substantial questions of disputed facts regarding his conviction?

III. Whether initial PCRA counsel rendered ineffective assistance . . . of counsel based on the filing of a **Turner/Finley**

"no-merit" letter and this Honorable Court should disapprove the [PCRA] court's adoption of appointed PCRA counsels' **Finley** "no-merit" letter analysis and reasoning and remand this matter to the PCRA court for a proper Rule 1925(a) opinion in reference to the afore-mentioned claims of ineffective assistance of counsel?

Appellant's Brief at 4-6 (internal brackets and parentheses omitted).

Our standard of review of a PCRA court's denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*), **appeal denied**, 839 A.2d 352 (Pa. 2003).

Appellant's first and third issues (including all 23 subparts of the first issue) allege ineffective assistance of counsel claims against Attorney Pass and Attorney Patterson. Those claims were waived.

On September 21, 2014, Appellant filed a *pro se* motion for leave to amend his PCRA petition, in which he stated that he wished to amend so that he could add a claim that Attorney Pass "rendered ineffective assistance of counsel." Mot. for Leave to Amend/Supplement Pet. for Post Conviction Relief, 9/21/14. In its order of March 16, 2015, the PCRA court appointed Attorney Patterson as counsel and wrote: "[t]he motion [for leave to amend] is returned to defendant for amendment as follows, such amendment to be made on or before, May 4, 2015, or counsel to advise that no amendment is necessary." Order, 3/16/15. Attorney Patterson then filed a petition to withdraw as counsel, in which he said that he reviewed

Appellant's September 2014 *pro se* motion and concluded that "no meritorious issues exist to review." He thus concluded that any ineffective assistance of counsel claims against Attorney Pass lacked merit, and he did not file Appellant's amendment, as directed by the PCRA court's order. Instead, in the words of the court's order, Attorney Patterson "advise[d] that no amendment [was] necessary." **See** Order, 3/16/15.

Appellant had an opportunity to respond to Attorney Patterson's statements to the court, but he did not do so. In **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012), **appeal denied**, 64 A.3d 631 (Pa. 2013), this Court stated that "a petitioner waives issues of PCRA counsel's effectiveness regarding **Turner/Finley** requirements if he declines to respond to the PCRA court's notice of intent to dismiss." **Id.** at 1186 (citation omitted). Since Appellant did not file a response to the PCRA court's notice of intent to dismiss, he may not now challenge the correctness of Attorney Patterson's conclusion that there was no merit to any allegation that Attorney Pass was ineffective. Moreover, Appellant's failure to respond to the PCRA court's order of October 26, 2015, which notified Appellant of the court's intention to dismiss, waived not only Appellant's claims of ineffectiveness against Attorney Pass, but also those against Attorney

Patterson. **See id.** at 1186. Therefore, Appellant is not entitled to relief on any of his first and third issues.[5]

Appellant also waived his second issue, which challenges the PCRA court's dismissal of his PCRA petition without a hearing, because he did not include that issue in his Rule 1925(b) Statement. An issue that is not included in a Rule 1925(b) statement cannot be raised for the first time on an appeal to this Court. **See** Pa.R.A.P. 302(a), 1925(b); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived"). Hence, we may not address this issue.

For the reasons stated above, we affirm the order dismissing Appellant's petition filed under the Post Conviction Relief Act.

Order affirmed.

---

[5] We acknowledge that the PCRA court opted to address the merits of Appellant's issues. However, we may affirm on any basis. **Mariner Chestnut Partners, L.P. v. Lenfest**, 152 A.3d 265, 277 (Pa. Super. 2016). Moreover, we have carefully reviewed the record, and we conclude that even if Appellant had properly preserved his claims, we would hold that none of his issues, including his twenty-three subclaims under Issue I, had merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2017