J-S64016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT FENNELL | : | |
| | : | |
| Appellant | : | No. 415 WDA 2019 |

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001935-2009

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 30, 2019**

Robert Fennell appeals from the order, entered in the Court of Common Pleas of Cambria County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   Upon careful review, we vacate the PCRA court's order and remand for further proceedings consistent with this memorandum.

Fennell, while incarcerated at State Correctional Institute Cresson, punched Corrections Officer Russell Bollinger in the face.  Following a non-jury trial on June 25, 2010, the court convicted Fennell of two counts of aggravated assault, and one count each of simple assault, assault by a prisoner, resisting arrest, and recklessly endangering another person.  On August 10, 2010, the court sentenced Fennell to an aggregate term of 10 to 20 years' incarceration.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Fennell timely filed a direct appeal. On March 19, 2012, we vacated his simple assault and aggravated assault convictions, but left the structure of his sentence intact. *Commonwealth v. Fennell*, 186 WDA 2011 (Pa. Super. filed March 19, 2012) (unpublished memorandum). Fennell filed a petition for allowance of appeal, which our Supreme Court denied.[1] On May 9, 2014, Fennell filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on August 13, 2014, alleging ineffective assistance of trial counsel. On July 27, 2015, following an evidentiary hearing, the PCRA court denied Fennell's petition. He filed a timely notice of appeal, and on December 2, 2016, we affirmed the PCRA court's decision. *Commonwealth v. Fennell*, 1280 WDA 2015 (Pa. Super. filed Dec. 2, 2016). Fennell timely filed a petition for allowance of appeal, which our Supreme Court denied. *Commonwealth v. Fennell*, 72 A.3d 600 (Pa. 2013) (Table).

Fennell filed the instant *pro se* PCRA petition on February 2, 2018. The Honorable Timothy P. Creany appointed Richard Corcoran, Esquire, to represent Fennell. Attorney Corcoran informed the PCRA court he could not represent Fennell because of a conflict; consequently, the PCRA court replaced Attorney Corcoran with Russell Heiple, Esquire, on June 29, 2018. Order, 6/29/18, at 1. On September 10, 2018, Attorney Heiple filed a letter with the

---

[1] Fennell did not initially file a petition for allowance of appeal, but was later granted reinstatement of his right to do so after filing a timely PCRA petition.

PCRA court detailing the deficiencies in some of Fennell's claims, while stating

other claims "need to be developed and addressed by . . . [the PCRA] court.[2]"

_____

[2] Attorney Heiple's letter, though critical of Fennell's claims, does not purport to be a "no-merit" letter. *See* Letter, 9/10/18, at 1–2. Reproduced verbatim, it reads as follows:

Dear Judge Creany;

I have reviewd Mr. Fennell's PCRA Petition and the Court's file including The Superior Court decision filed on December 2, 2016 and the Amended Petition For Post-Conviction Relief filed August 13, 2014.

Mr. Fennell's claims that briefs  and/or appeals filed in his behalf were deficient Seem to bec ured by the Superior Court's 2016 opinion (no. 1379 WDA 2015).  Rather Than dismiss his appeal, the Court addressed numerous issues raised. Additionally, a Petition for Allowance of Appeal was filed to the supreme Court of Pennsylvania which was denied.

1.    The summons issued was addressed by the Superior Court.

2.    The deficiencies in counsel's brief/appeal did not keep the Superior Court
      From reviewing his errors in the lower court.

3.    The RRRI issue  was not previously raised.

4.    Failure to have the preliminary hearing recorded was not previously raised.

5.    Criminal record of victim, Russell Bollinger, was not previously addressed and
      The scope of cross-examination to include prior encounters may not have Been explored in depth; however, the Superior Court has ruled that Attorney Sottile did not act unreasonably in his cross-examination. (pg. 13)

Letter, 9/10/18, at 1–2.  On October 23, 2018, Fennell submitted a motion to proceed *pro se*, requesting a hearing to determine whether he waived his right to counsel knowingly, intelligently, and voluntarily, pursuant to

---

      6.     Petitioner's claim hat the closing of SCI Cresson which supports his claim of
            Justification was not previously raised.

      7.     Defendant's claim that his arraignment did not occur until the date of trial was
            Not previously Addressed and would support a claim of lack of due process
            As Defendant would have not realized the nature of the charge

     Numbers 3,4, and 7 need to be developed and addressed by this Court.

Letter, 9/10/18, at 1–2 (syntactical, spelling, and grammatical errors in original).

Basic errors in grammar and spelling aside, Attorney Heiple's letter represents an abject failure of legal advocacy, denying Fennell fundamental protections under ***Commonwealth v. Turner***, 522 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc), and raising serious issues under the Rules of Professional Conduct, directly implicating the requirement to provide competent representation under Rule 1.1. and diligent representation under Rule 1.3.  ***See Commonwealth v. Mosteller***, 633 A.2d 615, 616 (Pa. Super. 1993) (finding PCRA court erred by failing to reject flawed "no-merit" letter); ***see also*** Pa.R.P.C. 1.1, CMT 5 ("Competent handling of particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners."); Pa.R.P.C. 1.3, CMT 1 ("A lawyer should pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer, and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor.").

*Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Motion to Proceed *Pro Se*, 10/23/18, 1 (citing **Grazier**, **supra**). The PCRA court did not address Fennell's motion. **See** Order, 12/19/18, at 1–2 (sending materials relevant to Fennell's claims to Attorney Heiple). On Feburary 8, 2019, Attorney Heiple filed a "memorandum in support of relief pursuant to PCRA petition" which advanced some of Fennell's claims, while discrediting others. **See** Memorandum, 2/8/19, at 1–8 (stating some claims necessitate new trial, stating the result of others to be "unknown" or that "counsel cannot [a]rgue that, if true, would impact a finding of guilt.").

On March 5, 2019, Judge Creany filed an opinion and order denying Fennell's PCRA petition on the merits.[3] **See** Opinion, 3/5/19, at 1–9. Fennell filed a timely *pro se* notice of appeal. The PCRA court issued an order requiring Fennell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); the court, however, neither informed Attorney Heiple of his client's *pro se* filing nor granted Attorney Heiple permission to withdraw. **See** Order, 3/21/19, at 1. Both Fennell and the PCRA court complied with Rule 1925.

Fennell raises the following claim on appeal:

1)   Was trial counsel ineffective in failing to pursue and did the Commonwealth fail to search and provide to counsel statements of witnes[s]es who would have provided exculpatory evidence for defendant at trial?

_____

[3] We note Judge Creany's opinion fails to address the fact that Fennell's claims appear facially untimely. **See** Opinion, 3/5/19, at 7.

Brief of Appellant, at 4.

Preliminarily, we must address Attorney Heiple's representation of Fennell. "[O]nce counsel has entered an appearance on a [petitioner's] behalf[,] he is obligated to continue representation until the case is concluded *or he is granted leave by the court to withdraw his appearance*." ***Commonwealth v. Willis***, 29 A.3d 393, 397 (Pa. Super. 2011) (emphasis added); ***see also Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. Super. 1993) ("[T]here is no constitutional right to hybrid representation[.]").

Instantly, the record lacks any indication the court permitted Attorney Heiple to withdraw from representing Fennell. Attorney Heiple's filings— reminiscent of ***Turner***/***Finley*** "no-merit" letters, albeit woefully inadequate— do not indicate a desire to withdraw. ***See*** Letter, 9/10/18, at 1–2; ***see also*** Memorandum, 2/8/19, at 1–8. Furthermore, Fennell filed a number of materials *pro se*, including a motion to proceed *pro se* requesting a ***Grazier*** hearing. Motion to Proceed *Pro Se*, 10/23/18, 1.

"[I]n any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a [***Grazier***] hearing must be held." ***Commonwealth v. Robinson***, 970 A.2d 455, 456 (Pa. Super. 2009); ***see id*** at 460 (vacating PCRA court's order and remanding case to remedy failure to hold ***Grazier*** hearing after PCRA petitioner voiced desire to proceed *pro se*). ***Grazier*** requires "an on-the record determination" as to whether that waiver is "a knowing, intelligent, and voluntary one."

*Grazier*, *supra* at 82. This requirement results from PCRA petitioners lacking a right to contemporaneous representation both *pro se* and by counsel. **See Commonwealth v. Pursell**, 724 A.2d 293, 251 (Pa. 1999) (prohibiting hybrid representation in PCRA proceedings); **see also Ellis**, **supra** at 1139 (finding no right to hybrid representation on appeal).

As Attorney Heiple was not granted permission to withdraw, and as Fennell, after indicating his desire to proceed *pro se* was not afforded a **Grazier** hearing, we vacate the denial of PCRA relief and remand for a hearing consistent with the requirements of **Grazier**, **supra**. **Robinson**, **supra** at 456. If Fennell retracts his desire to act as his own counsel, new PCRA counsel shall be appointed. If new counsel finds Fennell's claims lack merit, he or she must file a *proper* **Turner**/**Finley** "no-merit" letter and the PCRA court must concur the claims are meritless before permitting counsel to withdraw. **See Commonwealth v. Widgins**, 29 A.3d 816, 817–18 (Pa. Super. 2011) (requiring valid "no-merit" letter and independent review of record by PRCA court before permitting withdrawal). We note our concern with the actions of both Attorney Heiple and the PCRA court, who collectively failed to ensure, after the appointment of counsel, that Fennell received adequate representation or understood the implications of waiving representation.

Order vacated. Case remanded for **Grazier** hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2019