J-S06030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| JUWAHN THOMAS[1] | : | |
| Appellant | : | No. 1914 EDA 2020 |

Appeal from the PCRA Order Entered September 15, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007231-2010

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 3, 2022**

Juwahn Thomas appeals the denial of his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. He maintains that the PCRA court erred in accepting counsel's *Finley* letter and denying his request for an evidentiary hearing.[2] We vacate the order and remand for counsel to file an amended PCRA petition or an adequate *Finley* letter.

A jury convicted Thomas of first-degree murder, aggravated assault, and possession of an instrument of crime ("PIC").[3] The trial court sentenced him to mandatory life imprisonment for first-degree murder, and consecutive

---

[1] Appellant's first name appears at points in the certified record as "Juwahn," and at others as "Jawahn." The trial court's caption spells it as it appears in our caption. Appellant does not state in his appellate brief that his name was misspelled below, so we have not altered the caption.

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] 18 Pa.C.S.A. §§ 2502(a), 2702, and 907(a), respectively.

terms of nine to 20 years' incarceration for aggravated assault, and one to five years' incarceration for PIC. We affirmed the judgment of sentence. ***See Commonwealth v. Thomas***, 2015 WL 7260623 (Pa.Super. filed May 6, 2015) (unpublished memorandum).

On November 15, 2016, Thomas filed the instant, timely *pro se* PCRA petition. Thomas raised 23 claims including ineffective assistance of counsel, judicial misconduct, and prosecutorial misconduct. We have reproduced and rearranged the issues below for clarity purposes:

*JUDICIAL MISCONDUCT*

1. Judge allowed tampered evidence to be admitted in a criminal trial violating the code of judicial procedure

2. Judicial misconduct for abuse of discretion

*PROSECUTORIAL MISCONDUCT*

1. The prosecutor knowingly used fabricated testimony from the witness

2. The prosecutor knowingly introduced tampered evidence into trial to persuade the jury against the petitioner

3. The prosecutor knowingly introduced tampered evidence without proper chain of custody

4. Prosecutorial misconduct for his language and inflammatory statement to sway the jury and prejudice the defendant

5. Prosecutorial misconduct for introducing tampered evidence that was in possession of the witness who was also a victim in the case

*INEFFECTIVE ASSISTANCE OF COUNSEL*

1. Trial counsel ignored petitioners request to investigate witness/victims physical and mental state at time of incident and prior to.

2. Trial counsel failed to object to prosecutions introduction of tampered evidence.

3. Trial counsel failed to challenge chain of custody of tampered evidence.

4. Trial counsel was ineffective for allowing fabricated testimony to be used in trial.

5. Ineffective Counsel for allowing prosecution to wrongfully prejudice the defense against the defendant

6. Counsel was ineffective for not objecting at critical stages of trial

7. Counsel was ineffective for allowing prosecution to violate the defendants 14th amendment/6th amendment/Due process/Protection of the law

8. Counsel was ineffective for allowing the prosecution to fabricate events at trial

9. Counsel was ineffective for allowing himself not to argue intentionally the chain of custody

10. Counsel was ineffective for allowing the witness to make contradicting statement and not object or put a stop to it

11. Counsel was ineffective for allowing the judge in this case to abuse her discretion

12. Counsel was ineffective for not properly arguing the defendants case to the upper and lower courts

13. Counsel was ineffective for not challenging the chain of custody

14. Ineffective Counsel for not moving for mistrial due to tampered evidence

15. Counsel was ineffective for failing to investigate defense which called into question truth determining process

> 16. Counsel was ineffective for abandoning petitioners trial strategy, leaving defendant defenseless, which resulted in conviction

*See* *Pro Se* PCRA Petition, filed 11/15/16, at Attachment – 4 Section 6A and 6C.

The court appointed counsel who filed a ***Finley*** letter and asked to be allowed to withdraw from the case. Counsel's letter stated that "Mr. Thomas's petition states no grounds as to why trial counsel was ineffective." ***Finley*** Letter, filed 4/6/18, at 3. Thomas wrote a letter to the court, stating, "I have serious concerns about counsel who has been appointed to represent me on my PCRA." *Pro Se* Letter, filed 6/26/18, at 1 (unpaginated). Thomas then listed numerous reasons for why he wanted new PCRA counsel. ***Id.*** The court treated the letter as a motion for new counsel. After a hearing, the court granted the motion, removed counsel, and appointed new counsel. ***See*** Docket Entry No. 194 ("After hearing, Hon. M. Teresa Sarmina orders attorney . . . be removed after being found ineffective as counsel and orders new counsel to be appointed").

New counsel filed a ***Finley*** letter as well. In the letter, counsel concluded that "the issue raised in [Thomas's] *pro se* PCRA does not provide a basis for relief under the [PCRA], and that there are no other issues which could be raised in a counseled petition." Amended ***Finley*** Letter, filed 2/18/20, at 1 (unpaginated). Counsel explained that Thomas "states no grounds as to why trial counsel was ineffective and provides no evidence to support his claim."

*Id.* Counsel did not address or list Thomas's claims of prosecutorial or judicial misconduct or the many claims of ineffective assistance of counsel.

The court issued notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. *See* Pa.R.Crim.P. 907(1). Thomas did not file a response. The court conducted an independent review of the petition, and concluded that Thomas' issues were underdeveloped, his PCRA petition was meritless, and "did not find that PCRA counsel could file an amended petition that would raise any meritorious issues." Pa.R.A.P. 1925(a) Opinion ("1925(a) Op."), filed 7/2/21, at 8. The court denied the PCRA petition and granted counsel's motion to withdraw. This timely appeal followed, and the court appointed new counsel.

Thomas raises the following issue: "Did the PCRA court err in accepting prior counsel's '*Finley*' letter and in not granting an evidentiary hearing?" Thomas's Br. at 6. He argues that PCRA counsel's *Finley* letter was clearly inadequate and that PCRA counsel should have filed an Amended PCRA petition rather than a *Finley* letter. *See id.* at 13. Thomas alleges that in the amended petition PCRA counsel should have raised claims of trial counsel's ineffectiveness, which would have warranted an evidentiary hearing. The ineffectiveness claims include:

- Trial counsel failed to consult defendant on trial strategy and failed to call as witnesses individuals who were known to counsel and who had provided exculpatory statements

- Trial counsel failed to subpoena the medical records of the one eyewitness for the Commonwealth, a woman

named Kelly Rindone who was shot in the leg and taken to Aria Frankford Hospital

- Trial counsel failed to establish a chain of custody or otherwise challenge the admission into evidence of the bullet Ms. Rindone brought with her to court and asserted was the bullet that had been in her leg from the time she was shot during the incident wherein her boyfriend was killed.

- Trial counsel who was also appellate counsel failed to preserve and to thereafter raise on appeal the issue of prosecutorial misconduct.

*Id.* at 14, 15.

Thomas also maintains that the PCRA court erred in accepting the letter and in not ordering counsel to instead file an amended PCRA petition since there were issues of arguable merit. He claims that the court erred in not addressing these material issues of fact. He argues that as in ***Commonwealth v. Beasley***, 967 A.2d 376 (Pa. 2009), "the PCRA court in this case erred when it accepted the clearly inadequate ***Finley*** letter filed by prior counsel." Thomas's Br. at 13.

When reviewing the denial or grant of a PCRA petition, we determine whether the court's findings are supported by the record and free of legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). To grant or deny a request for an evidentiary hearing is within the discretion of the PCRA court. ***Id.***

Where PCRA counsel seeks to withdraw because of meritless claims raised in a PCRA petition, counsel must file a ***Finley*** or "no merit" letter. ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citation

omitted). The letter should address: "1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa.Super. 2019). The court then must "conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief." **Walters**, 135 A.3d at 591 (citation omitted). Where counsel's letter does not meet the referenced requirements, "dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition." **Kelsey**, 206 A.3d at 1139 (citing **Commonwealth v. Karanicolas**, 836 A.2d 940, 945-47 (Pa.Super. 2003); **Commonwealth v. Glover**, 738 A.2d 460, 464-65 (Pa.Super. 1999); **Commonwealth v. Mosteller**, 633 A.2d 615, 617-18 (Pa.Super. 1993)).

Here, counsel's letter satisfied the first prong of the test by discussing the nature and extent of his review of the case. **See** Amended Finley Letter, at 1 (unpaginated) (stating counsel reviewed the court file and corresponded with Thomas).

However, counsel's letter fails to satisfy the remaining prongs of the test. Counsel did not list each issue that Thomas wanted to raise. Counsel also did not explain why each issue was meritless. Instead, counsel addressed Thomas's claim of ineffective assistance of counsel in general terms, stating, "[Thomas] argues he experienced ineffective assistance of counsel during his

original trial before the Court of Common Pleas." *Id.* Counsel then stated that Thomas's claim was meritless because "[Thomas] states no grounds as to why trial counsel was ineffective and provides no evidence to support his claim." *Id.*

Counsel's letter was deficient. While counsel raised and addressed Thomas's claim of ineffective assistance of counsel generally, he did not list the exact claims of ineffectiveness that Thomas alleged, such as ignoring his request to investigate a witness or the victim's physical and mental state, not objecting to the introduction of tampered evidence, not challenging the chain of custody for tampered evidence, and allowing fabricated testimony to be used in trial. *See* PCRA Petition, at Section 6A. Counsel also did not address or explain why he believed Thomas's claims of prosecutorial and judicial misconduct were meritless.

Though the court conducted its own independent review of the claims, this does not cure its error in accepting counsel's inadequate *Finley* letter. *See Kelsey*, 206 A.3d at 1139. Since we grant relief on this basis, we do not address Thomas's remaining claims that the court should have held an evidentiary hearing and that PCRA counsel failed to raise numerous meritorious issues of fact. We therefore vacate the order dismissing Thomas's PCRA petition and remand for counsel to file an amended PCRA petition or file

an adequate *Finley* letter that addresses all the issues raised in Thomas's PCRA petition and move to withdraw.[4]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2022

---

[4] We recognize that Appellant's convictions stem from two underlying trial court docket numbers. At Case No. 7264, Appellant was convicted of aggravated assault. At Case No. 7231, he was convicted of murder and PIC. Appellant's *pro se* PCRA petition included both docket numbers. Counsel's *Finley* letter lists both case numbers, but only discusses the crimes and sentences for Case No. 7231. The PCRA court's Rule 907 notice and order denying PCRA relief list only Case No. 7231. Likewise, Appellant only filed a notice of appeal at Case No. 7231. Nevertheless, Appellant's brief before this Court lists both Case No. 7231 and Case No. 7264. To the extent Appellant wishes to challenge his crimes at both underlying docket numbers, we remind counsel and Appellant on remand that both docket numbers must be included on all filings, and separate notices of appeal must be filed at each underlying docket number should the case again proceed to an appeal.