J-S14030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY MCQUEEN | : | |
| | : | |
| Appellant | : | No. 1462 WDA 2021 |

Appeal from the PCRA Order Entered November 2, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000758-2018

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: OCTOBER 12, 2022**

Gregory McQueen (Appellant) appeals *nunc pro tunc* from the order entered in the Blair County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] (PCRA) petition.[2]   Appellant seeks relief from the judgment of sentence of 5 to 20 years' incarceration, imposed on April 12, 2019, after his negotiated guilty plea to aggravated assault, persons not to possess firearms, and possession with intent to deliver a controlled substance

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] On November 19, 2021, counsel for Appellant timely filed the instant notice of appeal, which stated it was taken from an order entered on "October 30, 2021."  Appellant's Notice of Appeal, 11/19/21.  A review of the trial court docket shows no order entered on that date.  The PCRA court instead denied and dismissed Appellant's first PCRA petition on November 2, 2020.

(PWID).[3] Counsel for Appellant, Paul Puskar, Esquire (PCRA Counsel), has filed a petition to withdraw from representation and a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We deny the petition and direct PCRA Counsel to file an amended application to withdraw that meets the requirements of ***Turner***/***Finley***.

On April 12, 2019, Appellant, represented by Anthony Kattouf, Esquire (Plea Counsel), pleaded guilty to one count each of aggravated assault, persons not to possess firearms, and PWID. On that same day, Appellant was sentenced to an aggregate term of 5 to 20 years' incarceration. At the time he committed the above crimes, Appellant was on parole and the Commonwealth stated that it did not "have any input with the State Board of Probation and Parole" regarding any parole sanction and that it believed "it would be mandated" that any parole violation sanction and his guilty plea sentence would run consecutively. N.T. Guilty Plea, 4/12/19, at 11. Appellant stated he understood that the parole violation may run consecutively to his sentence. ***Id.***

Appellant did not file post-sentence motions or a direct appeal. Instead, on April 29, 2020, he filed a timely *pro se* PCRA petition, challenging the validity of his plea and alleging Plea Counsel's ineffectiveness for telling him his guilty plea sentence and parole violation sanction would run concurrently.

---

[3] 18 Pa.C.S. §§ 2702(a)(1), 6105(a)(1); 35 P.S. § 780-113(a)(30).

- 2 -

Appellant's Motion for Post-Conviction Collateral Relief, 4/29/20, at 2, 4. On

May 11, 2020,[4] the PCRA court appointed PCRA Counsel to represent Appellant

for PCRA proceedings. Counsel did not file an amended PCRA petition.

The PCRA court held a hearing on October 27, 2020, where Appellant

acknowledged the Commonwealth stated at the plea hearing that his parole

"hit" and guilty plea sentence may run consecutive. N.T. PCRA H'rg,

10/27/20, at 2-3. However, Appellant's claim concerned "what [plea] counsel

told him at that time." *Id.* at 3. Appellant stated the following at the hearing:

> [O]n the day of my sentencing, [Plea Counsel] said they would
> not be able to run my sentence concurrent with my parole hit
> because he didn't know what my hit was going to be, and after I
> got my hit when I got out of here as of May, they gave me a two-
> year hit, which he said that would be run concurrent with my
> sentence[.]

*Id.* at 3-4. Plea Counsel testified he did not make any promises to Appellant

about his parole sanction and guilty plea sentence running concurrently and it

was Appellant's choice to accept the plea agreement. *Id.* at 10-11.

On November 2, 2020, the PCRA court issued an order and

accompanying opinion denying and dismissing Appellant's petition. Four

months later, on March 11, 2021, Appellant filed a *pro se* "Notice of Appeal

*Nunc Pro Tunc*." On March 15th, the PCRA court scheduled a hearing, but

before that hearing could occur, this Court issued a *per curiam* rule to show

_____

[4] The PCRA court's November 2, 2020, opinion states it appointed Attorney
Puskar on this date, but the docket does not reflect any order doing so. *See*
PCRA Ct. Op., 11/2/20, at 2.

cause why his appeal should not be quashed as untimely, to which neither Appellant nor PCRA Counsel responded. The appeal was then quashed as untimely. ***See Commonwealth v. McQueen***, 383 WDA 2021 (Order, 7/27/21).

On November 5, 2021, Appellant filed a second *pro se* PCRA petition raising PCRA Counsel's ineffectiveness for failing to file a proper appeal, and requesting his rights be reinstated. The PCRA court held the previously scheduled hearing that same day. On November 10th, the court reinstated *nunc pro tunc* Appellant's right to file an appeal from the November 2, 2020, denial and dismissal of his first PCRA petition. PCRA Counsel filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, stating there were no "non-frivolous" issues to be raised on appeal.[5] Appellant's Statement of Matters Complained of on Appeal, 12/7/21.

On January 28, 2022, PCRA Counsel filed, with this Court, a "Brief in Support of Application to Withdraw as Counsel," where he raises the following:

> Whether Counsel should be permitted to withdraw, as a review of the record shows that there are no non-frivolous issues upon which an appeal could be based.

PCRA Counsel's Brief in Support of Application to Withdraw as Counsel at 5.

---

[5] Attorney Puskar continued to represent Appellant despite the prior allegations of ineffective assistance.

However, PCRA Counsel did not file a contemporaneous application to withdraw. This Court, on February 4, 2022, directed him to file an application, with a copy of a notification of rights letter he sent to Appellant. This Court's order twice advised PCRA Counsel to furnish a copy of the application to withdraw and supporting brief to Appellant. Order, 2/4/22. Counsel filed the application on February 14th, which stated he did "not believe there [were] any non-frivolous issues to be raised on appeal." PCRA Counsel's Application to Withdraw as Counsel, 2/14/22.

First, we note that an application to withdraw as counsel on a **direct appeal** must include a brief compliant with ***Anders v. California***, 386 U.S. 738 (1967), and allege the appeal would be "wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 720 (Pa. Super. 2007). In contrast,

> counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders*** but under . . . ***Turner*** . . . and . . . ***Finley***[.] Similar to the ***Anders*** situation, ***Turner***/***Finley*** counsel must review the case zealously. ***See Commonwealth v. Mosteller***, . . . 633 A.2d 615, 617 (Pa. Super. 1993). ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. ***Commonwealth v. Karanicolas***, . . . 836 A.2d 940, 947 (Pa. Super. 2003).

***Id.*** at 721. Further, "***Anders*** counsel must not argue against the client's interests while ***Turner***/***Finley*** counsel must do so, articulating why the client's claims have no merit." ***Wrecks***, 931 A.2d at 722.

- 5 -

Here, PCRA Counsel has consistently concluded Appellant raised no non-frivolous issues, but the proper standard under **Turner**/**Finley** is whether Appellant has raised claims that lack merit. **See Wrecks**, 931 A.2d at 721. Nevertheless, this mischaracterization is not a fatal flaw to PCRA Counsel's petition, where **Anders** affords higher protections than **Turner**/**Finley** and as such, an appeal deemed to be wholly frivolous would also be deemed to lack merit, a lesser standard. **See id.** However, we conclude PCRA Counsel's petition does not meet the requirements of **Turner**/**Finley** on other grounds.

When filing a **Turner**/**Finley** Brief,

> [c]ounsel **must** also send to the petitioner: (1) **a copy of the "no-merit" letter/brief**; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

**Wrecks**, 931 A.2d at 721 (emphases added & citation omitted).

In his application to withdraw, PCRA Counsel attached a copy of a letter that he sent to Appellant. PCRA Counsel's Application to Withdraw as Counsel, 2/14/22, Exhibit A. PCRA Counsel's letter stated he was enclosing a copy of the notice of appeal, the Rule 1925(b) statement, and the trial court's order and opinion, and informed Appellant of his right to retain new counsel or proceed *pro se*. However, the correspondence does not indicate that a copy was sent to Appellant, as required by **Turner/Finley**. Therefore, PCRA Counsel did not comply with **Wrecks**. **See Wrecks**, 931 A.2d at 721.

Counsel's letter also stated the following:

> During our video conference on November 5, 2021, the only issue you raised with me was the original issue you raised in your PCRA Petition. I explained to you that the [trial court] had ruled against you on that issue. I further explained to you that, on appeal, you had to show that the [trial court] made a mistake on the law or had made a decision on facts which were not in the record. Because it was my opinion that he did not do either of those things, there was no non-frivolous issue to be raised on appeal. That opinion is based on a review of the record.

PCRA Counsel's Application to Withdraw as Counsel, 2/14/22, Exhibit A [6]

PCRA Counsel's letter to Appellant does not adequately explain the claims he reviewed and deems to be frivolous. Instead, it identifies the claim only as "the original issue," without further explanation. **See** PCRA Counsel's Application to Withdraw as Counsel, Exhibit A. Accordingly, we cannot determine that PCRA Counsel complied with the requirements of **Turner**/**Finley**. **See Wrecks**, 931 A.2d at 721. Thus, we direct PCRA Counsel to submit an amended application complying with the requirements of **Turner**/**Finley**, and to send Appellant a copy of the brief and amended application within 30 days of this memorandum's filing. Appellant shall then have 30 days to file a brief, if he wishes, in support of his claims.

PCRA Counsel's petition to withdraw denied. PCRA Counsel directed to file, within 30 days, an amended **Turner**/**Finley** petition. Appellant shall have

---

[6] We note that PCRA Counsel's brief is an almost exact copy of the trial court's opinion. **See** Trial Ct. Op., 12/17/21, Exhibit A, at 1-10 (adopting its prior October 27, 2020, opinion in disposing of Appellant's current claim on appeal); **compare** PCRA Counsel's Brief in Support of Application to Withdraw as Counsel, at 5-12.

30 days from that date to file a response if he so chooses. Panel Jurisdiction retained.