**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANCARLOS PEREZ, | : | |
| | : | |
| Appellant | : | No. 856 MDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001753-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: FEBRUARY 7, 2020**

Jancarlos Perez ("Perez") appeals from the Order dismissing his Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Counsel for Perez has filed a Petition to Withdraw from representation, and a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant counsel's Petition to Withdraw, and affirm the Order of the PCRA court.

The PCRA court summarized the relevant history underlying the instant appeal as follows:

> [Perez] entered a guilty plea to [t]hird[- d]egree [m]urder and was sentenced by the [trial c]ourt to a term of 20 to 40 years' state confinement on March 27, 2017.
>
> [Perez] filed a [d]irect [a]ppeal[,] which was subsequently withdrawn by [Perez].

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[Perez] filed a PCRA [Petition] on February 20, 2018[,] and the [PCRA c]ourt appointed [PCRA counsel] to represent [Perez]. [PCRA] counsel filed a Supplemental PCRA Petition on May 3, 2018. The PCRA Petition alleged [the] ineffectiveness of [Perez's trial counsel, Jack McMahon, Esquire ("Attorney McMahon"), for,] *inter alia*, not filing a suppression motion [regarding Perez's] statement to law enforcement, not providing [Perez] with a copy of discovery prior to [the] guilty plea[,] and not pursuing all potential defenses.

The [PCRA c]ourt conducted a PCRA hearing on March 28, 2019[,] at which time [Perez] and [Attorney McMahon] offered testimony.

PCRA Court Opinion, 6/11/19, at 1. On April 22, 2019, the PCRA court dismissed Perez's PCRA Petition. Thereafter, Perez filed the instant timely appeal. This Court subsequently remanded the matter for a determination of whether Perez's counsel had abandoned Perez. On September 10, 2019, this Court vacated its remand Order, and directed Perez's counsel to file an appellate brief. Perez's counsel subsequently filed a Petition to Withdraw from representation, and a brief pursuant to **Turner**/**Finley**.

Before we consider the merits of the issues raised on appeal, we first determine whether Perez's appellate counsel followed the required procedure to withdraw from representation, which we have summarized as follows:

Counsel petitioning to withdraw from PCRA representation must proceed … under [**Turner** and **Finley**]. … **Turner**/**Finley** counsel must review the case zealously. **See Commonwealth v. Mosteller**, 430 Pa. Super. 57, 633 A.2d 615, 617 (Pa. Super. 1993). **Turner**/**Finley** counsel must then submit a "no-merit" … brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003).
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006).
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. *Mosteller*, 633 A.2d at 617….
>
> … [W]here counsel submits a petition and no-merit letter that [] satisfy the technical demands of *Turner*/*Finley*, … this Court [] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief. *Mosteller*, 633 A.2d at 617. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

We are satisfied from the review of counsel's Petition and No-Merit Brief that counsel has substantially complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issues that Perez wishes to raise, and explained why those issues lack merit, with citation to authority where appropriate. Counsel has also sent a copy of the brief to Perez and advised him of his immediate right to proceed *pro se* or with hired counsel. Accordingly, we proceed to consider the substance of the appeal.

Perez presents the following claims for our review:

I.      Whether [Attorney McMahon] was ineffective in failing to file a [s]uppression [m]otion[?]

II.     Whether [Attorney McMahon] was ineffective in failing to provide [Perez] with a copy of the discovery [materials] prior to pleading guilty and not pursuing all potential defenses[?]

No-Merit Brief at 1.

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012).

Perez's claims assert ineffective assistance by Attorney McMahon. To be entitled to relief on this claim, a petitioner must prove that

> the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. … Failure to establish any prong of the test will defeat an ineffectiveness claim.

*Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015) (citations and footnote omitted).

Perez first claims that Attorney McMahon rendered ineffective assistance by not filing a pre-trial motion to suppress his statement to law enforcement. No-Merit Brief at 5. In his No-Merit Brief, however, counsel directs our

attention to Attorney McMahon's testimony regarding his reasons for not filing the Motion. No-Merit Brief at 6. According to appellate counsel, Attorney McMahon testified that, in his statement to law enforcement, Perez did not admit to the murders. *Id.* at 6. Further, Attorney McMahon testified that, if Perez had proceeded to a trial, that statement would show that Perez had consistently denied the murder. *Id.*; *see* N.T., 3/29/19, at 45 (wherein Attorney McMahon testified that Perez had admitting to informing the police that "he had nothing to do with it[,] and that some other guy did the shooting[,] and that he didn't do the shooting[,] but that he was there[,]" and that the victim was his good friend and he would not kill his good friend), 46 (wherein Attorney McMahon testified that Perez had voluntarily spoken with police, after being given his warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and that Perez had admitting to being *Mirandized*), 47 (wherein Attorney McMahon testified that there would be no merit to a suppression motion because Perez "voluntarily came in. He was given *Miranda*. And most importantly, [the statement] was exculpatory."). Perez's appellate counsel agrees with the assessment of the PCRA court that Attorney McMahon had a reasonable basis for not pursuing the suppression of Perez's statement to police. No-Merit Brief at 45; *see* PCRA Court Opinion, 6/11/19,

at 2-3. We agree the assessment of the PCRA court and Perez's counsel. Consequently, Perez's claim of ineffective assistance of counsel fails.[2]

In his second claim, Perez asserts that Attorney McMahon rendered ineffective assistance by not disclosing all of the discovery information and material to Perez. No-Merit Brief at 6. At the PCRA hearing, however, Attorney McMahon testified that he had met with Perez, and discussed with Perez all of the provided discovery materials. *Id.*; *see* N.T., 3/29/19, at 67 (wherein Attorney McMahon testified that he brought the provided discovery with him when meeting Perez, and went over the discovery, witness statements, and "the whole case" with Perez). The PCRA court credited this testimony. *See* PCRA Court Opinion, 6/11/19, at 3; *see Commonwealth v Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (stating that "the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations."). Thus, the claim lacks merit.

Upon review, Perez's claims are without merit and frivolous. We therefore grant counsel's Petition to Withdraw, and affirm the Order of the PCRA court.

Petition to Withdraw granted. Order affirmed.

---

[2] *See Solano*, 129 A.3d at 1163 (stating that the failure to establish any prong of the test will defeat an ineffectiveness claim).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/07/2020