J-S37030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                     :             PENNSYLVANIA
                     :
           v.            :
                     :
                     :
QUAMEER T. SMITH         :
                     :
        Appellant     :   No. 3584 EDA 2019

Appeal from the PCRA Order Entered November 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003222-2017

BEFORE: SHOGAN, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 16, 2020**

Appellant Quameer T. Smith appeals *pro se* from the order dismissing his timely first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition. Appellant claims that PCRA counsel's legal representation was deficient and ineffective. Additionally, Appellant asserts that the PCRA court erred in dismissing his claims that plea counsel's ineffectiveness resulted in the abandonment of his direct appeal and the entry of an involuntary and unknowing guilty plea. The PCRA court concedes that it erred by not holding a hearing to determine Appellant's assertion of abandonment in his direct appeal, and the Commonwealth does not oppose a remand on that issue. For the reasons that follow, we vacate the order in its entirety and remand this matter for further proceedings consistent with this memorandum.

The PCRA court summarized the procedural history of Appellant's conviction as follows:

On December 6, 2016, [Appellant] was arrested and charged with murder, recklessly endangering another person, possessing the instruments of a crime and violation of the Uniform Firearms Act. [Appellant] was bound over on all charges following a preliminary hearing on April 13, 2017. Jury selection was set to commence when [Appellant] had a change of heart, pleading guilty to murder of the third degree, person prohibited from possessing a firearm, carrying a firearm without a license, carrying a firearm on public street and possessing the instrument of a crime on February 26, 2018.[1] [There was no agreement as to the sentence.] Following a presentence investigation, mental health examination, the submission of pre-sentencing memoranda and argument of counsel, [Appellant] was sentenced on May 29, 2018 to twenty to forty years' incarceration for murder of the third degree, a consecutive five to ten years for the possession of a firearm prohibited and probation for the remaining charges.

PCRA Ct. Op., 1/13/20, at 1-2.

On June 4, 2018, while plea counsel remained Appellant's attorney of record, the trial court received Appellant's *pro se* motion to reconsider his sentence.[2] The following day, June 5, 2018, plea counsel filed a timely post-sentence motion asserting that Appellant's aggregate sentence of imprisonment was excessive and requested a reduction of his sentence to fifteen to thirty years' incarceration.

The trial court denied Appellant's counseled post-sentence motion on June 11, 2018. That same day, plea counsel filed a second post-sentence

_____

[1] Bobby Hoof, Esq. (plea counsel) represented Appellant at the time of his guilty plea.

[2] Because plea counsel remained Appellant's counsel of record after his plea hearing, Appellant's *pro se* post-sentence filings violated the principle against hybrid representation. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007).

motion requesting that the trial court withdraw Appellant's guilty plea. The trial court entered an order on June 27, 2018, denying Appellant's second counseled post-sentence motion.

Appellant did not take a direct appeal, but filed the instant timely PCRA petition *pro se*, which the clerk of the court docketed on April 8, 2019.[3] Appellant's claims focused on his *pro se* post-sentence motions, and he asserted that he was entitled to file post-sentence motions and a direct appeal *nunc pro tunc*.

The PCRA court appointed PCRA counsel to represent Appellant.[4] On July 12, 2019, PCRA counsel filed a "no-merit" letter. In his letter, PCRA counsel identified Appellant's claims: (1) plea counsel's ineffectiveness for failing to file a motion to withdraw Appellant's guilty plea and (2) the failure of the trial court to docket Appellant's *pro se* attempt to file post-sentence motions or notify plea counsel of the *pro se* correspondence. PCRA Counsel's Letter, 7/12/19, at 2. PCRA counsel stated that Appellant's *pro se* PCRA claims did not warrant relief and that counsel was "unable" to amend Appellant's *pro se* PCRA petition because no other meritorious claims existed. *Id.* at 1, 5. PCRA counsel cited *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super.

---

[3] Appellant attached to his *pro se* PCRA petition a handwritten letter from Appellant to the trial judge as an exhibit. The exhibit appears to be dated June 3, 2018, and requesting the withdrawal of his guilty plea. The letter bears a fax stamp indicating that it was received by the trial court on June 11, 2018.

[4] Specifically, the PCRA court appointed Douglas L. Dolfman, Esq., as PCRA counsel.

1988) (*en banc*), but he did not expressly state that he intended to withdraw from representing Appellant. Moreover, the record contains no indication that PCRA counsel filed a separate motion to withdraw.

On July 29, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's *pro se* PCRA petition. On August 12, 2019, Appellant filed a *pro se* response to the Rule 907 notice objecting to PCRA counsel's no-merit letter and noting that PCRA counsel failed to develop his claim that plea counsel abandoned him for the purpose of a direct appeal.

On November 12, 2019, the PCRA court entered the order dismissing Appellant's petition. The PCRA court did not formally grant PCRA counsel's request for leave to withdraw. Nevertheless, the November 12, 2019 order stated that Appellant had thirty days to appeal the order, indicated that "no new counsel would be appointed," and advised Appellant that he could "proceed *pro se* or with retained counsel." Order, 11/12/19, at 1.

Appellant, acting *pro se*, timely filed a notice of appeal and complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement.[5] In his *pro se* Rule 1925(b) statement, Appellant asserted (1) procedural and substantive defects in the PCRA court's acceptance of PCRA counsel's no-merit letter, (2) procedural defects in the dismissal of his *pro se* and counselled

---

[5] The PCRA court dated its order for a Rule 1925(b) statement on December 10, 2019, and gave Appellant thirty days to file his statement. The court had the order served personally to Appellant and PCRA counsel.

post-sentence motions, and (3) plea counsel's ineffectiveness with respect to the entry of his plea.

The PCRA court filed a Rule 1925(a) opinion concluding that Appellant was not entitled to relief based on his claims of defects related to PCRA counsel's filing of a no-merit letter and plea counsel's ineffectiveness as to the entry of Appellant's plea. *See* PCRA Ct. Op. at 9-12.

Nevertheless, the PCRA court stated that it "neglected to hold a hearing to determine if plea counsel abandoned [Appellant] by failing to file a requested appeal." *Id.* at 12. The PCRA court suggested that

> this matter be remanded for an evidentiary hearing limited to the issue of an alleged abandonment by counsel by failing to perfect a requested appeal, or in the alternative the appointment of appellate counsel and granting of an appeal *nunc pro tunc* from the denial of the motion to withdraw [Appellant's] guilty plea.

*Id.* at 14-15.

Appellant, in his *pro se* brief, presents the following questions on appeal, which we have reordered for discussion:

1. Did the PCRA court err and abuse it[s] discretion when it dismissed Appellant's first timely PCRA petition and allowed counsel to withdraw without making a proper showing that no genuine issues existed[ t]hus violating Pa.R.Crim.P. 904(f)(2)?

2. Did the PCRA court err/abuse it[s] discretion when it dismissed Appellant's first timely PCRA petition[,] when it failed to conduct an independent review of the record[, and] when it failed to conduct an independent review of the claims and failed to issue an opinion/reason on record of why the petition was dismissed[, t]hus placing the court in violation of ***Commonwealth v. Mostellar***, 633 A.2d 615 (Pa. 1996)?

3. Was [Appellant] deprived of procedural due process by the court failing to furnish him with a copy of [PCRA] counsel's no merit letter and an independent opinion?

4. Did the PCRA court err/abuse it's [*sic*] discretion when it dismissed . . . Appellant's first timely petition where it was clear that he was eligible for relief pursuant to 42 Pa.C.S. § 9543(a)(2)(i-ii)?

5. Was trial/plea counsel ineffective for failing to inform appellant that a post sentence motion was filed in response to his *pro se* letter requesting withdraw of his plea and failing to inform the appellant of the eventual denial of the a[]forementioned motion? Moreover[,] such failure prevented appellant from having his guaranteed right to direct appeal, thus violating his rights under the Sixth and Fourteenth amendments?

6. Was trial/plea counsel ineffective for coercing the appellant to plead guilty to murder where evidence existed of justification pursuant to: 18 Pa.C.S. § 505 (i.e. imperfect self defense) thus, violating his right to proceed to trial and prepare a complete defense under the Sixth amendment?

7. Was plea counsel ineffective for falsely informing the appellant that he'd rec[ei]ve no more than 15 years if he pled guilty[ t]hus rendering his plea not knowing, voluntary and intelligently entered?

Appellant's Brief at 3-4 (some formatting altered).

In his first three issues, Appellant contends that he is entitled to remand based on errors related to PCRA counsel's no-merit letter. *Id.* at 9-14. Appellant notes that the PCRA court acknowledged its error in dismissing Appellant's *pro se* PCRA petition when there was an issue of arguable merit related to Appellant's direct appeal rights. *Id.* at 11. Appellant contends that he is entitled to a remand and further requests that this Court find PCRA counsel ineffective, appoint him new effective counsel, and reinstate his direct appeal rights. *Id.*

The Commonwealth does not oppose a remand. Commonwealth's Brief at 13. The Commonwealth, however, suggests that the remand should be limited to the issue of plea counsel's ineffectiveness regarding Appellant's direct appeal. *Id.* The Commonwealth, as well as the PCRA court, address the remaining merits of Appellant's *pro se* claims and both conclude that no relief is due. *Id.*; PCRA Ct. Op. at 14-15.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." *Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted).

Pennsylvania Rule of Criminal Procedure 904 states, in part:

**(C)** Except as provided in paragraph (H) [regarding the appointment of counsel in death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

\* \* \*

**(F)** When counsel is appointed,

\* \* \*

(2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(C), (F)(2).

Rule 904 sets forth a PCRA petitioner's right to the assistance of counsel for their first PCRA petition through the entire appellate process.

*Commonwealth v. Cherry*, 155 A.3d 1080, 1082 (Pa. Super. 2017). Once appointed, counsel must either amend the petitioner's *pro se* petition or certify that the claims lack merit and seek withdrawal from representation by complying with the mandates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Finley*. *Id.* at 1083.

PCRA counsel seeking to withdraw "must review the case zealously." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

> *Turner*/*Finley* counsel must then submit a "no-merit" letter to the [PCRA] court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* (citations omitted).

"Even where a *pro se* first PCRA petition appears on its face to be meritless, the [petititoner] is entitled to representation by counsel before that determination is made." *Kelsey*, 206 A.3d at 1140 (citations omitted). Although this Court may not review the adequacy of a no-merit letter filed in the PCRA court *sua sponte*, a petitioner preserves an objection to the PCRA

counsel's effectiveness by responding to the PCRA court's Rule 907 notice and raising the issue on appeal. **See id.** When a petitioner establishes that his first PCRA was effectively uncounseled, the denial of relief cannot stand, and this Court must remand for the appointment of new counsel. **Id.**

Following our review of the procedural history of this appeal, the PCRA court's opinion, and the parties' argument, we agree that Appellant is entitled to have the PCRA court's order vacated and that a remand is required for further proceedings. Similar to **Kelsey**, Appellant preserved his *pro se* challenges to the adequacy of PCRA counsel's no-merit letter before the PCRA court and established that PCRA counsel did not develop an issue of arguable merit identified by Appellant.[6] **See id.** Therefore, we vacate the order dismissing Appellant's petition and remand this matter for the appointment of new PCRA counsel and further proceedings. **See id.**

As to the scope of remand, we reject the suggestion posited by the PCRA court and the Commonwealth limiting the scope of remand. As noted in **Kelsey**, the error identified in Appellant's first three claims is "the denial of

---

[6] We add that there were additional procedural irregularities with respect to PCRA counsel's apparent attempt to withdraw from representing Appellant. For example, although PCRA counsel submitted a no-merit letter, he did not expressly request leave to withdraw or file a separate motion to withdraw. **See Walters**, 135 A.3d at 591. PCRA counsel also did not assert that he provided Appellant with a copy of the no-merit letter and motion to withdraw and advised Appellant of his right to retain new counsel or proceed *pro se*. **See id.** Moreover, the PCRA court did not enter an order expressly granting PCRA counsel leave to withdraw. However, since Appellant has essentially prevailed in this *pro se* appeal, we need not address these irregularities in this decision.

the assistance of counsel." *See id.* Therefore, we will not address the sufficiency of the remaining portions of PCRA counsel's no-merit letter nor will we consider Appellant's remaining PCRA claims. *See id.* Accordingly, if the PCRA court finds merit in Appellant's assertions that he was deprived of the assistance of counsel with respect to his direct appeal, it would be improper for the PCRA court, or this Court, to consider Appellant's claims of ineffective assistance of plea counsel. *See id.* Moreover, as this Court has stated, if "a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition." *See Commonwealth v. Harris*, 114 A.3d 1, 3-4 (Pa. Super. 2015) (citation omitted). As the *Harris* Court noted:

> [a] PCRA court lacks jurisdiction to consider a PCRA petition when a petitioner's judgment is not final. *See Commonwealth v. Taylor*, 65 A.3d 462, 464 (Pa. Super. 2013) (citation omitted). Once the PCRA court granted [a PCRA petitioner] the right to seek further review *nunc pro tunc*, [the petitioner's] sentence was no longer final and the PCRA court lacked jurisdiction to rule on [the petitioner's] other requests for relief.

*Id.* at 6.

For these reasons, we agree with Appellant that PCRA counsel's no-merit letter was defective and that he was deprived of meaningful representation with respect to his first PCRA petition. Accordingly, we vacate the order dismissing Appellant's petition and remand this matter for further proceedings consistent with this memorandum including the appointment of new counsel.

Based on our disposition, we need not address Appellant's remaining PCRA claims.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *12/16/2020*