J-S07024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                                         :

              v.                       :

ROBERT BASS                        :

            Appellant          :     No. 420 EDA 2021

Appeal from the PCRA Order Entered November 2, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0004051-2015.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:       **FILED MARCH 30, 2023**

Robert Bass appeals from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We remand for further proceedings.

Bass was convicted at a non-jury trial of attempted murder and other offenses committed on October 16, 2014.  On August 26, 2016, the court sentenced Bass to an aggregate term of 10 to 20 years of imprisonment and 10 years of probation.  This Court affirmed on direct appeal, and the Supreme Court of Pennsylvania denied review.  ***Commonwealth v. Bass***, No. 623 EDA 2017 (Pa. Super. May 29, 2018) (non-precedential decision), *appeal denied*, No. 280 EAL 2018 (Pa. Oct. 16, 2018).[1]

_____

[1] Bass' sole issue on direct appeal was whether the trial court violated Bass' right to a jury trial by holding its ruling on a motion *in limine* in abeyance.

On November 13, 2019, Bass filed a timely *pro se* PCRA petition, his first. The PCRA court appointed Douglas Dolfman, Esq. as PCRA counsel. Bass then submitted several documents that the Clerk of Courts time-stamped and placed in his file. On February 11, 2020, he provided a copy of a letter he sent to Attorney Dolfman, as well as a list of five issues he wished to raise. On March 13, 2020, he filed a motion requesting new counsel, in which he expressed his belief that Attorney Dolfman had abandoned him. On March 31, 2020, he filed an "amendment to pending PCRA issues." The certified record does not reflect that the PCRA court disposed of Bass' *pro se* filings before dismissing Bass' petition.

The PCRA court received Attorney Dolfman's "no-merit" letter dated March 20, 2020. However, the no-merit letter does not appear in the certified record on this date, nor is it accompanied by a copy of any letter from Attorney Dolfman to Bass. On October 1, 2020, the PCRA court entered a notice of its intent to dismiss Bass' petition without a hearing. Bass filed a *pro se* "motion in objection" on October 20, 2020. On November 2, 2020 and November 5, 2020, the PCRA court entered orders dismissing Bass' petition. The latter order included language advising Bass of his right to appeal. Neither order granted Attorney Dolfman leave to withdraw as PCRA counsel.

On February 2, 2021, this Court received Bass' *pro se* notice of appeal and a petition for leave to file the appeal *nunc pro tunc*, both dated January 29, 2021. Our Prothonotary directed Attorney Dolfman, who remained Bass' counsel, to file a docketing statement. **See** Pa.R.A.P. 3517. He did not. On

June 4, 2021, we directed the PCRA court to determine if Attorney Dolfman had abandoned Bass. The PCRA court entered an opinion indicating that it had entered an order "allowing [Attorney Dolfman] to withdraw, having concluded that counsel had properly requested to do so when filing the [no-merit letter] and that counsel has not abandoned [Bass]." PCRA Court Opinion, 6/28/21, at 3.[2] Because no such order appeared in the certified record, we directed the PCRA court to enter this order on the docket.

The PCRA court thereafter granted Attorney Dolfman permission to withdraw and appointed Jason Kadish, Esq. to represent Bass in his PCRA appeal. However, Attorney Kadish moved to withdraw because he had been Bass' trial counsel. We granted Attorney Kadish's motion, and the PCRA court appointed John Belli, Esq. to represent Bass. On Attorney Belli's motion, we remanded for the *nunc pro tunc* filing of a new Pa.R.A.P. 1925(b) statement and PCRA court opinion. Attorney Belli filed a 1925(b) statement on February 6, 2022. He then passed away on February 23, 2022.

The PCRA court appointed Lauren Wimmer, Esq. as Bass' PCRA counsel on March 3, 2022. Attorney Wimmer elected to rely on the existing 1925(b) statement filed by Attorney Belli. The PCRA court entered a supplemental Rule 1925(a) opinion on April 27, 2022.

Bass presents three issues for our review:

---

[2] The opinion also stated that Bass' appeal was timely. PCRA Court Opinion, 6/28/21, at 2. This appears to be an abbreviated way to say that the PCRA court granted Bass' petition to appeal *nunc pro tunc*.

I.     Whether the PCRA court erred as a matter of law in failing to hold a hearing on [Bass'] March 13, 2020 motion for new PCRA counsel where the record is clear that court-appointed counsel abandoned [Bass] during the proceedings of his first PCRA petition.

II.    Whether [Bass] is entitled to remand for the filing of an amended PCRA petition because the PCRA court erred in dismissing [Bass'] petition without ordering counsel to comply with **Turner** and **Finley**.[3]

III.   Whether PCRA counsel deprived [Bass] of effective assistance of counsel during his first PCRA petition.

Bass' Brief at 3.

Our standard of review from the dismissal of a PCRA petition is to determine whether the order "is supported by the record and free of legal error." **Commonwealth v. Drummond**, 285 A.3d 625, 633 (Pa. 2022). We review a court's treatment of a motion for new counsel for an abuse of discretion. **Commonwealth v. Collins**, 957 A.2d 237, 266 (Pa. 2008) (citing **Commonwealth v. Spotz**, 756 A.2d 1139, 1150 (Pa. 2000)).

Bass first argues that the PCRA court erred by failing to hold a hearing on his *pro se* motion for new counsel, filed March 13, 2020. The PCRA court found that Attorney Dolfman did not abandon Bass based on Bass' earlier letter mentioning a "brief telephone call" with Bass on approximately February 4, 2020. Supplemental Opinion, 4/27/22, at 3, 8.[4]

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] In its opinion, the PCRA court addressed the lack of a hearing on Bass' PCRA petition, not on his motion for new counsel. Supplemental Opinion, 4/27/22, at 5. We find that Bass' 1925(b) statement preserved this issue.

We find that the PCRA court abused its discretion by failing to hold a hearing on Bass' *pro se* motion for new counsel. A trial court is not required to hear a motion for new counsel "where the defendant provides only a general averment of inadequate representation." **Collins**, 957 A.2d 237, 266–67 (citing **Commonwealth v. Williams**, 522 A.2d 1058, 1061 (Pa. 1987)); **see** Pa.R.Crim.P. 122(C) (requiring "substantial reasons" to appoint new counsel). Here, Bass alleged that Attorney Dolfman had abandoned him, specifically noting the lack of letters or case documents. Motion for New Counsel, 3/13/20, at 1–2. Notably, nothing appears in the certified record between Bass' *pro se* filings and the PCRA court's notice of intent to dismiss Bass' PCRA petition over seven months later. We do not find Bass' earlier reference to a "brief telephone call" enough to resolve the issue of whether Attorney Dolfman had abandoned Bass, depriving him of his right to counsel. **See Commonwealth v. Betts**, 240 A.3d 616, 621 (Pa. Super. 2020).[5] The PCRA court thus abused its discretion by failing to hear Bass' motion for new counsel and by failing to enter a ruling on this motion.

Bass' second issue stems from Attorney Dolfman's failure to comply with the requirements for withdrawal based on an assessment that Bass' claims had no merit. This Court has explained the applicable procedure:

---

[5] We are sympathetic to a trial court faced with prolific *pro se* filings by a counseled defendant. While these ordinarily constitute hybrid representation, this Court has recognized an exception for a defendant abandoned by counsel. **See Commonwealth v. Leatherbury**, 116 A.3d 73, 79 (Pa. Super. 2015)

> Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders v. California**, 386 U.S. 738 (1967), but under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Similar to the **Anders** situation, **Turner**/**Finley** counsel must review the case zealously. **See Commonwealth v. Mosteller**, 633 A.2d 615, 617 (Pa. Super. 1993). **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006).
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. **Mosteller**, 633 A.2d at 617. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief. **Karanicolas**, 836 A.2d at 948.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations altered).

Here, Bass and the Commonwealth agree that the certified record does not demonstrate that Attorney Dolfman complied with the **Turner**/**Finley** requirements. The no-merit letter, attached to the PCRA court's opinion, is not stamped by the Clerk of Courts, nor is it accompanied by a certificate of service. Although the letter itself states that counsel informed Bass of his right to proceed *pro se* or with new counsel, the record does not contain a copy of any communication to Bass. Because Bass is currently represented

by new counsel, we will not direct the PCRA court to reinstate Attorney Dolfman. Rather, we will allow present PCRA counsel to continue to represent Bass on remand.

Bass' third issue is that Attorney Dolfman was ineffective as PCRA counsel. Bass emphasizes that his *pro se* Rule 1925(b) statement provided meritorious claims that he contends Attorney Dolfman should have addressed. The Commonwealth responds that Bass has waived these claims of PCRA counsel's ineffectiveness by failing to develop them.

Our Supreme Court held that to vindicate the right to effective assistance of counsel, a PCRA petitioner may raise claims of PCRA counsel's effectiveness at the first opportunity to do so, even if on appeal. ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021). The court explained the procedure for disposing of such a claim:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded.

***Id.*** at 402 (citations, brackets, and quotation marks omitted).

We conclude that this is an appropriate case to remand to allow Bass to further develop the record of his claims of PCRA counsel ineffectiveness.

These start with whether Attorney Dolfman properly apprised Bass of the no-merit letter and Bass' right to proceed *pro se* or with a new attorney. On remand, the PCRA court should determine whether Attorney Dolfman did not comply with the **Turner**/**Finley** requirements or otherwise abandoned Bass. Upon such a finding, present counsel should be permitted leave to file an amended petition on Bass' behalf, *fully developing* any potentially meritorious claim. This relief comports with other remands following **Bradley**. **See, e.g.**, **Commonwealth v. Williams**, 2022 WL 1026702 (Pa. Super. Apr. 6, 2022) (non-precedential memorandum).

Order vacated; case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/30/2023*

- 8 -